## SMITH AND WIFE, AND OTHERS, *vs.* YELL.

Under our statute as to chancery practice, a decree *pro confesso*, taken at the first term after process executed, or publication, is a final decree, so far as that an appeal to this Court may be taken, at the same term. If that term is suffered to elapse, no appeal can afterwards be taken, unless by an application to this Court, or one of its judges, within one year.

The extension of time to the first three days of the next term, before the decree shall become absolute, is but a privilege, of which the defendant can avail himself or not, as he thinks proper. No further action of the Circuit Court is necessary to make the decree absolute.

Where a husband purchases land, pays the purchase money, and causes the deed, on consideration of affection merely, to be made to the wife, and afterwards improves the land, if his wife thereafter dies without issue, leaving other landed estate, one-half of which vests in him, and he voluntarily relinquishes to her heirs his interest in such other estate, not upon the consideration that the heirs shall release or convey to him the lands so purchased and paid for by him; this gives him no right, in equity, to have such lands enure to, or be conveyed to, him.

In Chancery, determined in the Pulaski Circuit Court, in March, 1841, before the Hon. John J. Clendenin, one of the Circuit Judges. In January, 1840, *Archibald Yell* filed his bill in that Court, against *Andrew D. Smith and wife*, and the heirs of his own deceased wife, *Maria*. The bill stated, that the complainant intermarried with Maria Ficklin, in the year 1836, and, in the following year, purchased four half lots in the city of Little Rock, and caused the deed, as matter of grace and favor, to be executed to his wife Maria. That he paid the price of the purchase money out of his own funds, and has made valuable improvements upon the lots, and now holds them in possession. That in 1837, his wife Maria died, without issue. That at the time of her death, she was seized. and possessed of other landed estate, in Arkansas, Missouri, and Kentucky, one-half of which, by the statute of descents and distribution, vested in the complainant; and that he, afterwards, voluntarily relinquished to the heirs of his wife, Maria, all his right, title, and interest to said landed estate, excepting only the lots in Little Rock. There was no allegation that this relinquishment was made in consideration that the heirs would convey or release to him their right and interest in the premises in dispute. The purchase was made of Smith and wife, and a deed executed and acknowledged by them to Maria Yell, while she was a *feme covert*.

The prayer of the bill was, that the deed be cancelled, and that Smith and wife execute a like deed, to the complainant, in fee.

Process was executed upon Robert Smith and wife, two of the defendants, and returned not found as to the others. An order of publication was then made against the non-resident defendants, that they, and the other defendants, Smith and wife, be and appear at the March term of the Circuit Court of Pulaski county, or that the bill will be taken as confessed against them. None of the defendants appeared, and accordingly, the bill, at that term, was taken as confessed,

and a decree entered in accordance with the prayer of the bill. At the same term, the defendants appealed.

The case was argued here by *Trapnall & Cocke,* for the appellants, and by *Fowler,* contra.

*By the Court,* DICKINSON, J. The appellee insists that the decree was interlocutory, and did not become final until after the expiration of the first three days of the next September term of the Court. *Sections* 15, 21, 22, *Rev. Code,* 160, 161, all relate to the service of process upon the defendants, and what notification shall be considered sufficient to authorize the bill to be taken as confessed, and an interlocutory decree entered. *Sec.* 24 declares, that " no exceptions or plea shall be filed after an interlocutory decree; but, if the defendant appear, within the first three days of the next term after such decree is entered, and show good cause for not before appearing, the decree may be set aside, and the defendant allowed to file his answer, or demur to the bill." *Sec.* 137, *p.* 174, authorizes the Circuit Court to grant an appeal from any final decision or decree, only during the term at which it is made; and the Supreme Court, or a judge thereof, in vacation, upon inspection of the record, may make an order granting an appeal at any time within one year after the making of the final decision, order, or decree. It is evident, that the extension of the time to the first three days in the next term before the decree shall become absolute, is but a privilege, of which the defendant can avail himself or not, as he thinks proper. No further action of the Circuit Court is necessary to make the decree absolute. And if the party deeming himself aggrieved, fails to take an appeal at the same term in which it is made, his only relief is, by an application to the Supreme Court, or a judge thereof, in vacation. The objection to the appeal, as to time, is not tenable.

We shall pass by the irregularities in entering up the decree, and proceed to determine whether the bill contains any equity upon its face.

Do the facts stated in the bill authorize this decree, or entitle the complainant to equitable relief? In this case, the bill states that the husband expressly assented to the conveyance to his wife, and caused

it to be made to her, at his own instance and request, as a matter of mere grace and favor. The property being vested in her, and she dying without issue, and without a re-conveyance to her husband, of course, the fee remained unaltered, and he is only entitled to receive his share in the distribution. There is no principle of equity, that we are aware of, that will make the deed enure to the benefit of the husband, upon the ground of his having paid the purchase money. It was a mere gift on the part of the husband to the wife, growing out of motives of regard and attachment; and, consequently, the title to the property was vested in her, in the same manner as if she had acquired it from any other source. The authorities upon this point are explicit. *Coke Lit.* 356. *Doug.* 435. 2 *Com. Dig.* 223, 224. The allegation, that the complainant conveyed other property to the heirs of his wife, furnishes no ground for relief. The bill does not state that they accepted the same in consideration of the interest in the four half lots, or that they ever agreed to relinquish their title to the same.

Decree reversed, and case remanded, with instructions to allow complainant to amend his bill, if leave be asked; if not, to dismiss, with costs.