## SCOGIN EX. VS. STACY.

|  |  |
|---|---|
| 20 | 265 |
| e75 | 131 |

Husband and wife conveyed a tract of land belonging to the husband, by absolute deed; the grantee executed a covenant, by consent of the husband, directly to the wife, to convey the land to her and her heirs, upon payment of a debt, upon which the grantee had become the surety of the husband: the wife died; the husband paid the debt for which the grantee was surety, out of his own means; upon a bill by the husband to declare the deed a mortgage, and for a re-conveyance of the land to him: *Held*, that in equity, the transaction must be regarded as a provision by the husband for the voluntary settlement of the land upon the wife, that the equitable title to the land and the right to the conveyance, which vested in the wife by the terms of the covenant, passed to her heirs, and the husband ceased to have any interest therein.

*Appeal from Ouachita Circuit Court in Chancery.*

Hon. ABNER A. STITH, Circuit Judge.

CUMMINS & GARLAND, for the appellant.

The covenant to Mrs. Stacy either vested in her or her husband. If it vested in the husband, as we think it did, being a chose in action, (2 *Bl. Com.* 597; 1 *Chit. Gen. Pr.* 99; 1 *McQueen Hus. & Wife* 19,) it was a merger of all prior parol contracts, (*Smith on Con.* 18; *Platt on Cov.* 585,) and he must resort

17

to the remedies under that alone—action on the covenant or for specific performance. 2 *Parsons on Con.* 494, 507; 16 *Ark.* 340.

If the covenant vested in the wife, and breach occurred before her death, her administrator should sue; if breach after her death, her heirs must sue. 1 *Parsons on Con.* 107, 112, and authorities cited.

This covenant to the wife is void merely as to creditors, not between the parties. 15 *Barb.* 555; 16 *Ib.* 136; 18 *Miss.* 22.

WATKINS & GALLAGHER, for the appellee.

As a contract made by Jones with Mrs. Stacy, during her coverture, the covenant was void, from her disability as a feme covert to acquire to and for herself, any property, by a contract made with her. 1 *Parsons on Contracts*, 286. And her husband, the complainant, cannot elect to adopt it, because the contract was not made with the wife as his agent. *Ib.* 287.

As there was nothing in this agreement showing that the property was to be conveyed to Mrs. Stacy, as her separate property, and as the husband, before her death, had and retained possession of the land, all right to the same, under said agreement, on her death, must be considered as having been reduced to possession. And this taking possession, and claiming, and using the land by the husband, as his own property, shows an actual reducing, both the agreement (considered as a chose in action) and all her right to the property under it, to his own use and possession. 2 *Kent's Com.* 137; *Schuyler vs. Hoyle*, 5 *John. Ch. R.* 196.

Whatever right the wife had under the agreement was equitably the husband's. Her interest was not, in equity at least, such an interest as would constitute a chattel-real—it was not to be her separate property—she gave no consideration for it, but the consideration was to be paid by her husband. And if the original contract between Stacy and Jones (the contract by deed and the parol contract to re-convey to Stacy) still remains intact, then Jones had no interest to convey, and could

not convey any interest that constitutes a chattel-real to Mrs. Stacy; and her claim or interest would only amount to a claim or interest by way of damages: in other words, only to a chose in action, strictly speaking, which vested in the husband; and the heirs of Mrs. Stacy have nothing to do with this suit.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was a bill to redeem land, alleged to have been mortgaged, determined in the Ouachita Circuit Court.

The bill was filed by Lyman Stacy against Josiah H. Scogin, as executor of Thomas Jones, deceased, Amanda E. Jones, Henry T. Jones, Joel Jones, Sarah A. Jones and Nancy L. Jones, heirs of the said Thomas Jones, and the unknown heirs of Elizabeth Stacy, deceased.

The bill alleges, in substance, that on the 22d of September, 1848, the complainant conveyed to Thomas Jones, by deed absolute upon its face, a tract of land, lying in Ouachita county, with relinquishment of dower by Elizabeth Stacy, then wife of complainant. That the deed was not intended by complainant, nor understood by Jones, to be an absolute conveyance of the land, but a morgage, etc. No money was paid by Jones to complainant for the land, but the sole consideration for the conveyance was as follows:

At the time the deed was executed, one *Ferrell* had a suit pending in the Ouachita Circuit Court against complainant, and he knowing that judgment would be recovered against him, and being desirous of preventing a sacrifice of any of his property, applied to Jones, who was a man of wealth, for assistance, and a loan of a sufficient sum of money to satisfy the judgment when it should be rendered; and he agreed to comply with complainant's request on being made secure from all loss. Whereupon complainant executed to Jones the deed above referred to, and his wife, Elizabeth, relinquished dower, etc., in order to secure and save Jones harmless on account of any pecuniary assistance he might render to complainant, for

the purpose of satisfying any judgment that might be rendered against him in Ferrell's suit.

That after the execution of the deed, on the 26th of September, 1848, Ferrell recovered judgment against complainant for $117 78; but no attempt was made to enforce payment thereof until September, 1850, when Ferrell applied to complainant to satisfy the judgment; and proposed to him to take his note, with security, for the amount of the judgment, and interest, in satisfaction thereof; which proposition complainant accepted; and thereupon complainant executed to him his note, with Jones as security, for $220, dated 10th September, 1850, and due 1st March, 1851, which Ferrell accepted in satisfaction of the judgment. That the only assistance ever rendered complainant by Jones, under the above agreement, was his becoming security of complainant upon the note.

That on the 10th of September, 1850, Jones, in order to prevent any misunderstanding or disagreement concerning what was the true consideration and intent of the above deed, executed to Elizabeth Stacy, the wife of complainant, a covenant in the penal sum of $1,000, conditioned as follows:

" Whereas the said Thomas Jones hath this·day bargained and sold unto the said Elizabeth Stacy, a certain tract of land, situate and lying in the, etc., etc., [here the land embraced in the deed from complainant to Jones is described,] for the consideration of two hundred and twenty dollars, the amount of a note that Bennett Ferrell holds against L. Stacy and Thomas Jones—when the amount of the note is paid, Thomas Jones is to make, execute and deliver to the said Elizabeth Stacy, her heirs or assigns, a good and sufficient general warranty deed for the said land."

Which covenant, the bill further alleges, Jones delivered to complainant on the day it was executed.

That after the execution of the covenant, Elizabeth Stacy departed this life, without issue of her body, etc. After her death, in the year 1853, complainant fully paid to Ferrell the

above note with his own means; and informing Jones thereof, requested him to re-convey the land to complainant, which he refused to do, and persisted in refusing, until his death in September, 1854. He left Scogin his executor, and the other defendants, named above, his minor heirs. Mrs. Stacy left no heirs known to complainant.

The land described in the deed and in the covenant (which are exhibited) is situated on the right bank of the Ouachita river, and valuable as a shipping point, etc. That from the time of the execution of the deed to the month of —————, 1854, Jones never pretended that he had any right to the land, except a lien upon it to indemnify him as the security of complainant on the note to Ferrell, etc., etc.

The bill prays that the deed from complainant to Jones be declared a mortgage, and canceled, and that the executor and heirs of Jones be decreed to convey the land to complainant, with covenants of warranty, etc.

Publication of notice to the unknown heirs of Mrs. Stacy, and decree against them *pro confesso*.

The other defendants (the executor and heirs of Jones) filed a demurrer to the bill on the following grounds:

1. The deed from complainant to Jones was made to defraud the creditors of complainant, and therefore he is not entitled to relief in equity, etc.

2. The complainant is estopped from setting up any claim against Jones' heirs, he having sanctioned the sale of his property to his wife by Jones.

3. The bill shows that the heirs of Mrs. Stacy have an interest in the subject matter of the suit, and they should have been made parties.

4. Want of equity, etc., etc.

The Court overruled the demurrer, and the defendants resting thereon, the Court rendered a final decree, to the effect that the deed from complainant to Jones was intended to be a mortgage, etc., and that it be canceled, etc., and that the executor

and heirs of Jones execute to complainant quit claim deeds to the land, etc. That the covenant from Jones to Mrs. Stacy was executed and intended for the benefit of complainant, that her heirs had no interest therein, and that they be barred from setting up any claim thereunder, and that the covenant be canceled, etc.

The executor and heirs of Jones appealed from the decree.

1. There is nothing in the first cause assigned for the demurrer. It does not appear from the allegations of the bill that complainant had more than one creditor (Ferrell) at the time the land was conveyed to Jones, and the conveyance was made to procure the means of paying the demand of that creditor, which was afterwards paid. Moreover, if the conveyance had been made for the purpose of defrauding the creditors of complainant, Jones being a party to the transaction, the objection would have come with bad grace from him or those claiming to hold under him as his heirs and executor. *Trapnall's ad. vs. Brown*, 19 *Ark.* 39; *Anderson vs. Dunn, Ib.* 659.

2. The other grounds of demurrer are well taken. It is to be inferred from the allegations of the bill that the covenant of Jones to convey the land in fee to Mrs. Stacy and her heirs, on payment of the note to Ferrell, was executed by the consent and procurement of complainant. The transaction, therefore, as made out by the bill, is simply this: Complainant and wife conveyed the land, by absolute deed, to Jones, and Jones, by consent of complainant, executed his covenant directly to the wife to convey the land to her and her heirs, upon payment of the debt upon which Jones had become the surety of complainant.

In equity, upon the allegations of the bill, the transaction must be regarded as a provision by complainant for the voluntary settlement of the land upon his wife, and which he had the right to make, and she to accept, in the absence of any showing that there were any intervening rights of creditors to prevent it. *Smith vs. Yell*, 4 *Ark.* 293; *Spring vs. Hight*, 22

*Maine R.* 411; *Whitten et al. vs. Whitten,* 3 *Cushing R.* 191; 2 *Story Eq., sec.* 1204; *Picquet vs. Swan et al.,* 4 *Mason* 445; *Sexton vs. Wheaton,* 8 *Wheaton* 229; 4 *Barb. Sup. Court Reports* 407.

The covenant being valid, Jones was bound by its terms to convey the land (after the payment of the note to Ferrell) to Mrs. Stacy, etc. A conveyance to her husband would have been no discharge of the covenant. Had a specific enforcement of the covenant to convey been sought during her lifetime, she and her husband would have been joined in the bill (2 *Bacon Ab. Baron & Feme, K. p.* 56), but the title would have been decreed to her, in pursuance of the terms of the covenant. She being dead, the equitable title to the land, and the right to the conveyance, which vested in her by the terms of the covenant, passed to her heirs, and her husband ceased to have any interest therein. *Reeves Domestic Relations.* 28.

The decree of the Court below is reversed, and the cause remanded, with instructions to dismiss the bill for want of equity.