## McCONNELL V. LITTLE.

VENDOR AND VENDEE: *Action for purchase money: Failure to make title.*
The plaintiff sold the defendant certain town lots and received from him all the purchase money except $100, the payment of which was by agreement deferred until after the execution of a deed for the lots which the plaintiff undertook to procure from M., who owned the property and had authorized the sale. Before the residue of the purchase money was due the plaintiff obtained a deed executed by M., and delivered it to the defendant who received it without objection, but on examination made sometime after its delivery, discovered that it did not convey any part of either of the lots he had purchased. When payment of the $100 was demanded the defendant refused to make it until he received a conveyance for the lots he had purchased. *Held:* That the plaintiffs were not entitled to recover the $100 until they procured according to their agreemeet, the conveyance of the lots purchased, which was a condition precedent to its payment.

APPEAL from *Sebastian* Circuit Court, Greenwood District.

JAMES F. READ, Special Judge.

*The Appellant pro se.*

A good and sufficient deed for the land purchased should have been tendered before suit and brought into court. 39 Ark., 309; 21 Id., 237; 23 Id., 586; 44 Id., 150, 196; 28 Id., 32–180; 37 Ark., 626.

*Clayton & Forrester*, for appellees.

The appellees were not the vendors of McConnell and had no interest in the lots sold. Appellant accepted the deed from McMillan, and if he discovered a mistake, he should

have returned it and asked for its correction. The mistake was mutual and appellant must look to McMillan to correct the description. 37 Ark., 629; Pom. Eq. Jur., sec. 1376; 32 Ark., 346; 19 Cal., 672.

BATTLE, J.

One McMillan was the owner of certain lots in Greenwood in Sebastian county and was indebted to Little & Gaines. They agreed to sell the lots for him and appropriate the purchase money to the payment of his indebtedness to them; and sold to McConnell. McConnell paid all the purchase money except one hundred dollars, and Little & Gaines agreed to procure from McMillan a deed to McConnell for the lots. McConnell took possession and Little & Gaines procured a deed from McMillan to McConnell and delivered it to him, and he received it without objection. The one hundred dollars were to be paid several months after the deed was delivered. On an examination of the deed, made sometime after its delivery, McConnell discovered that it did not convey the lots he had purchased or any part of either of them. When Little & Gaines demanded the one hundred dollars he refused to pay it until they conveyed or caused to be conveyed to him the lots he had purchased. They failed to do so, but sued him before a justice of the peace and recovered judgment and he appealed to the circuit court. In the circuit court he filed an amended answer, saying that the lots had not been conveyed according to agreement and that he had always been ready and willing to pay the one hundred dollars when they were conveyed to him by a deed containing covenants of warranty; and deposited in court the one hundred dollars and demanded a deed to the lots. They again recovered judgment and he appealed.

Appellees undertook to procure the conveyance of the lots

to appellant before the payment of the one hundred dollars was to be made. The conveyance was a condition precedent to the payment of the money. There was no evidence that appellant accepted the property described in the deed in lieu of the lots. The consequence is, appellees are not entitled to recover the one hundred dollars until they cause the lots to be conveyed according to their agreement. 1 Wharton on Contracts, sec. 581; 2 Parsons on Contracts, (5th ed.) pp., 528, 675–677; *Atkinson v. Hudson*, 44 Ark., 196; *Rudd v. Savelli*, Ib., 150; *Price v. Sanders*, 39 Ark., 306. If they will do so during the pendency of this cause, they will be entitled to the one hundred dollars deposited in court.

Reversed and remanded for a new trial.