JOHNSON v. DOUGLASS.

Opinion delivered December 8, 1894.

1. *Vendor's lien—Foreclosure—Failure of title.*
   To a suit to collect the purchase money of land, the vendee holding under bond for title may make defense that the vendor has no title to convey; but if in possession, he must, in order to avail himself of this defense, offer to restore the premises to the vendor.

2. *Sale—Right of vendee to rescission.*
   When land is sold to be paid for in installments, with a bond for title upon the payment of all the purchase money, the vendor has, in general, until the last payment to obtain the title; but if the vendor is insolvent, and the vendee purchased the land upon the representation of the vendor that he had title, the court will rescind the contract, without waiting for the last installment to become due, and if, on stating an account, a balance be found in favor of the vendee, he is entitled to a lien to that extent on any interest that the vendor may have in the premises.

3. *Pleading—Sufficiency of offer to restore possession.*
   An answer by a vendee in an action to foreclose a vendor's lien setting up the vendor's obligation and inability to give a good title, and asking that he be compelled to remove all incumbrances, or, if unable to do so, that the contract of purchase be rescinded, is sufficient on demurrer, without a formal offer to restore the premises.

4. *Pleading—Indefiniteness.*
   A pleading defective in form but not in substance is reached by motion to make more definite and certain, and not by demurrer.

Appeal from Lincoln Circuit Court in Chancery, Varner District.

JOHN M. ELLIOTT, Judge.

### STATEMENT BY THE COURT.

The questions in this case arose in an action brought by Zuleika and Thomas Douglass, in Lincoln county, against appellants, Jarrett Johnson and Henry W. Wiley. They alleged in their complaint that they had sold said Johnson & Wiley certain lands in said county for the sum of $3,846.50; that of this sum $641.10 was paid in cash; and that Johnson & Wiley gave four notes for the payment of the remainder, payable to said Zuleika Douglass, for the sum of $641.15 each, due in one, two, three and four years after date, respectively; that on the day of said sale they had executed to said Johnson & Wiley their bond for title, whereby they covenanted that, upon the payment of the purchase money, they would execute and deliver to them a good and sufficient deed to said land, with covenants of warranty. They alleged that one of said notes had been paid, but that the three remaining notes were due and unpaid; that defendants had possession of the lands; and prayed for the foreclosure of their vendor's lien, etc.

The defendants filed an answer and cross-complaint, in which they admitted the purchase of the land and the execution of the notes; alleged that they were ready and willing to comply with the contract on their part if the plaintiffs would perform their contract; but they alleged that "said plaintiffs fraudulently represented to them that they held good and sufficient title to said land, and that they were seized of the same in fee simple, and by such representations induced them to accept said title bond, when said plaintiffs well knew that they had no such title. And they further say that the said plaintiffs had no title to said land, and are unable to make such deed, because they say that one W. A. Daugherty died in the county of Desha, State of Arkansas, sometime in

the year 1856, seized and possessed of said lands, and that the same descended to his heirs at law, who are unknown to the defendants, and that plaintiffs never had title or possession of said lands. And they further state that while said plaintiffs were pretending to own said land, they neglected to pay the county and State taxes assessed thereon, and the same was forfeited for the non-payment of taxes in 1870 and 1871, and the sheriff of Arkansas county, in which county said lands were then situated, advertised the same for sale at the time required by law, and the same was sold to the State of Arkansas; and, no one having redeemed the same, the said lands were in 1884 sold by the said State of Arkan- to Henry Johnson and V. E. Trotter, and the Commissioner of State Lands executed to them a deed in due form. That said plaintiffs had not, from 1870 until making the sale to these defendants, paid any taxes whatever on said lands, and the taxes so assessed amount to a large sum of money, to-wit: three hundred dollars; and if said plaintiffs could redeem from the sale so made by said commissioner, the taxes are a lien and incumbrance on the same; wherefore they say that said notes are without consideration, etc." Defendants further alleged that both of said plaintiffs were insolvent, and that their warranty in a deed would be worthless.

Prayer of the cross-complaint that plaintiffs be compelled to remove all incumbrances from said lands, so that they can convey a clear title; and if they fail to do so, that the contract be rescinded, and that plaintiffs be compelled to refund the portion of the purchase money already paid; and, in default thereof, that the same be declared a lien on any interest that plaintiffs may be found to have in said lands.

To this answer, the material portions of which are set out above, the plaintiffs filed a demurrer, which was sustained by the court; and, defendants electing to stand

on their demurrer, the answer and cross-complaint were dismissed by the court, and a decree rendered in accordance with the prayer of plaintiffs. Defendants appealed.

*D. H. Rousseau* for appellants.

The distinction between a vendee in possession under a bond for title with covenants of warranty, and a vendee in possession under a deed with such covenants, is a very material one. The 'latter cannot resist payment, but must look to his warranty. 40 Ark. 420. But the former does not look to the covenants of warranty, but is entitled to have a clean conveyance to the land. 44 Ark. 145 ; 21 *id.* 235 ; 23 *id.* 200 ; 28 *id.* 175. The answer alleged fraud and insolvency of the grantors, and that they had no title, and could convey none. The court should have rescinded the sale, and decreed a lien on whatever interest plaintiffs had in the land for the amount paid them. Tiedeman, Real Prop. 295*a;* 15 Vesey, 352 ; 8 Cush. 127 ; 30 Ark. 686.

RIDDICK, J., (after stating the facts). The question in this case is whether the court erred in sustaining a demurrer to the answer and cross-complaint filed by Johnson & Wiley. The appellees, Zuleika and Thomas Douglass, had given their bond to the appellants, Johnson & Wiley, for a warranty deed ; but no deed had been delivered, and the contract was to that extent executory.

1. Failure of title as defense to suit to foreclose vendor's lien.

A different rule prevails where the contract remains executory from that which applies when the purchaser has accepted a deed for land, given his notes for the price, and entered into possession. A purchaser in possession under a deed cannot, as a general rule, in the absence of fraud, resist the payment of the purchase money, unless he has been evicted by a paramount title. Having accepted the deed and taken possession, he is supposed to have examined and approved the title, and must rely for his protection upon the covenants contained

in his deed. "But where a purchase is made under a bond or contract which provides for a conveyance of the title to the land upon payment of the notes given for the price, the true consideration for such notes is, not the deed to be made, but the title to the land with which the purchaser is to be invested. If the title fails or cannot be given, the consideration fails, and the non-fulfillment of the conditions of the bond or agreement to make title will be a sufficient defense to a suit on the notes given for the purchase money." 2 Warvelle on Vendors, 922; *Yeates* v. *Pryor*, 11 Ark. 58; *Lewis* v. *Davis*, 21 Ark. 239; *Rudd* v. *Savelli*, 44 Ark. 145; *Atkinson* v. *Hudson*, 44 Ark. 197; *Bryan* v. *Lofftus*, 39 Am. Dec. 242; *McConnell* v. *Little*, 51 Ark. 333.

The fact that the vendee, having a bond for title, is in possession of the land will not prevent him from resisting the payment of the purchase money when the title of the vendor has failed; but he must, in order to avail himself of this defense, offer to rescind and restore the premises to the vendor. *Yeates* v. *Pryor*, 11 Ark. 58; *Lewis* v. *Davis*, 21 Ark. 239; *Harvey* v. *Morris*, 63 Mo. 475.

When, as in this case, land is sold to be paid for in installments, with a bond for title upon the payment of all the purchase money, the vendor has until the last payment to obtain the title. As a general rule, the defense that he has no title is not available until the last installment is due; but we think there is an exception when the vendor is insolvent, and the vendee purchased the land upon the representation of the vendor that he had title. In such a case equity will not compel a vendee to pay an insolvent vendor, who has no title, the installments falling due before the deed is to be executed; for to do so would expose him to irreparable injury. *Booth* v. *Saffold*, 46 Ga. 280. But the court will endeavor to administer justice between the parties. If the vendee

2. When vendee entitled to rescind.

has been induced to enter into the contract through fraudulent misrepresentations on the part of the vendor, the court may rescind the contract without waiting for the last installment to become due. *Munro* v. *Long*, 28 Am. State Rep. 854 and note. If there was no fraud, but the vendor is insolvent, and without title to the land he has claimed to own and contracted to convey, and it appears probable that if the vendee is compelled to pay, he will lose his money, the court will restrain the collection of the purchase money until the vendor procures the title and executes a deed; and if the vendor fails, within a reasonable time after the last installment becomes due, to procure the title and execute a deed, the contract will be rescinded. When necessary, an account will be stated between the parties. If any balance be found in favor of the vendee, he is entitled to a lien to that extent on any interest that the vendor may have in the premises in question. *Bryan* v. *Lofftus*, 39 Am. Dec. 242; *Griffith* v. *Depew*, 13 Am. Dec. 141.

During the progress of the litigation, when the vendee is insolvent, the court will, if necessary to protect the interests of the vendor, place the property in the hands of a receiver.

3. Sufficiency of answer and cross-complaint. We have not been favored with a brief on the part of appellees, but, looking at the answer and cross-complaint in the light of the rules of law above announced, we believe that it presents a good defense. It alleges that appellants are ready and willing to perform the contract on their part; that the appellees, Zuleika and Thomas Douglass, are insolvent, and without title, and unable to perform their contract; and that appellants were induced to make the contract by the fraudulent representations on the part of appellees that they own the land in question, and could convey a good title. While it does not expressly offer to restore the premises, it asks "that appellees be compelled to remove all incum-

brances from said lands," so that they can convey a clear title, and if they fail to do so, that the contract be rescinded ; and this, in effect, includes the offer to restore.

If there was any defect in this answer and cross-complaint, it was one of form, and not of substance, and should be reached by a motion to make more definite and certain. Bliss on Code Pleading (3 ed.), sec. 425*a*.

*4. Remedy for indefiniteness in pleading.*

We conclude that the court erred in sustaining the demurrer, and dismissing the answer and cross-complaint filed by appellants. The decree is therefore reversed, and the cause remanded, with an order to overrule the demurrer and for further proceedings.