WILLIAMS *v.* YOUNG.

Opinion delivered January 10, 1903.

LIMITATION—TRUST.—Where land is sold, and notes are given for the purchase price, and a bond for title is executed by the vendor, a trust relation arises, and the statute of limitations will not begin to run in favor of either party until there has been a determination of such relation.

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

This bill was filed on March 7, 1898, in the Pulaski chancery court, by Maggie Young and the other minor children of W. N. Young, deceased, by C. N. Alexander, their guardian, and also as administrator of the estate of W. N. Young, against Alexander Williams and Mary Williams, his wife. The bill alleges that on January 1, 1880, W. N. Young, in his life time, executed and delivered to Alexander Williams his certain bond for title, by which

said bond the said Young bound himself, his heirs and assigns, to convey to the said Williams certain lands therein described upon certain conditions and terms. The conditions of said bond were that conveyance by warranty deed should be made to the said Williams upon the payment to the said Young by the said Williams of the sum of sixteen hundred dollars, in four equal installments of four hundred dollars each, payable on the first day of January, 1881, 1882, 1883 ,and 1884, respectively, with interest from January 1, 1880, at ten per cent. per annum until paid. Copy of the bond for title was attached, and made part of the complaint. The bill alleged that only the first two notes had been paid, and the last two were still due and unpaid, and also that plaintiffs had offered to carry out the terms of the contract, but said offer was refused. The prayer was for judgment against Williams for twenty-two hundred and fifty-five dollars, and that the land be subjected to the payment thereof.

In response to the bill, defendants pleaded payment, the statute of limitations, laches, adverse possession, and sections 5094 and 5095 of Sandels & Hill's Digest, and also made their answer a cross-bill, and asked affirmative relief to quiet their title. A response was filed by plaintiffs, denying all the allegations of the cross-bill.

Upon final hearing a decree was rendered dismissing the cross-bill, and for judgment as prayed in plaintiff's complaint. From this decree defendants appealed.

*John D. Shackleford,* for appellants.

The declarations of a party in his own favor are not admissible. 1 Jones, Ev. § 236; 2 *Id.* § 299; 1 Greenl. Ev. § 147, 148; Brad. Ev. 456, 459. The supreme court will inquire into the chancellor's findings. 34 Ark. 212; 41 Ark. 292; 43 Ark. 307. The testimony of Williams is admissible. Brad. Ev. 165; 90 Hun, 70; 55 How. Pr. 360; 18 Hun, 319. Payment may be presumed from circumstances. Brad. Ev. 372; 1 Jones Ev. § 65. And from lapse of time. 18 Am. & Eng. Enc. Law, 209; 94 N. Y. 381; 2 Greenl. Ev. § 528. Possession of the mortgagor is that of the mortgagee. 29 Ark. 591; 34 Ark. 321. Presumption of payment is stronger than that of continuance. 2 Whar. Ev. § 1360; 78 Ala. 227; Lawson, Pres. Ev. 425; 58 Ark. 556; 61 N. W. 177; 70 Ala. 303; 12 Vt. 47; Lawson, Pres. Ev. 387, 418. The statute of limitations applies. Sand. & H. Dig., § 5094; 41 Ark. 525; 34 Ark. 319; 54 Ark. 81; 58 Cal. 371; 2 Warvelle, Vendors, 724; Black, Interp.

Laws, 43, 331, 45, 46, 58. A sale by title bond has the same effect as creating a mortgage lien for the unpaid purchase money. 13 Ark. 534; 33 Ark. 345; 2 Am. & Eng. Dec. in Eq. 442; 27 Ark. 62. The legal title being conceded, plaintiffs are bound by statute of limitations. 43 Ark. 467. In equity laches are applied in accordance with right and justice. 1 L. R. A. 191; 8 L. R. A. 248; 2 Warvelle, Vendors, 716, 759; 11 Ill. 603; 1 Pom. Eq. § 418-9; 14 Ark. 67; 19 Ark. 22; 5 N. Y. Ch. 160; 12 Am. & Eng. Enc. Law, 535-544; 12 Am. & Eng. Enc. Law, 550; 1 How. 168; 9 Peters, 416; 3 Am. & Eng. Dec. Eq. 358, 415; 61 Ark. 527; 23 Gratt. 212; 5 Am. & Eng. Dec. Eq. 82; 3 Am. & Eng. Dec. Eq. 359; 6 N. Y. Ch. 535; 49 N. Y. 488; 14 Peters, 172; 2 Story, Eq. Jur. § 771; 58 Cal. 371. A promise to pay does not revive a debt barred. Sand. & H. Dig., §§ 4829-4837; 33 Ark. 657; 44 Ark. 88.

*Dodge, Johnson, Carroll & Pemberton,* for appellees.

The testimony of Williams was not admissible. Sand. & H. Dig. § 2915. The burden of proving payment rests on appellants. 28 Ark. 440; 49 Ark. 508. Appellees' lien on the land for unpaid purchase money is not barred. 41 Ark. 525; 105 N. Y. 661; 22 N. J. Eq. 544; 8 Cent. Rep. 573; Waterman, Sp. Perf. § 519; 90 U. S. 119; 35 U. S. 177; 88 U. S. 302; 16 Ark. 122. Statute of limitations are strictly construed. End. Inter. Stat. 343; 49 Pac. 551; 41 Ark. 525. Defendants were not guilty of laches and neglect. 152 U. S. 413; 145 U. S. 368; 52 Ark. 510.

*McCain & McCain,* for appellants, in reply.

A title bond is a mortgage. 13 Ark. 533; 64 Ark. 167; 14 Ark. 635; 28 Ark. 27; 28 Ark. 510; 43 Ark. 483; 13 Ark. 534; 9 Ark. 561; 4 Kent, Com. 160; 67 Ark. 270; 43 Ark. 504; 28 Ark. 191; 104 U. S. 625.

HUGHES, J., (after stating the facts.) The material questions in this case are payment and the statute of limitations.

The defendant (the appellant) contends that the evidence shows that the two notes given for the two last payments of the purchase money had been paid long before the suit in this case was commenced. He says that it is shown by a memorandum account made by Capt. Young in his life time in a small book of Williams, the appellee, that Williams had paid to Capt. Young from time to time amounts of money which overpaid any book ac-

count Capt. Young had against Williams in sufficient excess of said accounts of Young to fully satisfy the amount of purchase money due on said two notes given for the two last payments.   Taken alone, the evidence in this behalf might tend to show that there may have been money enough paid to and received by Capt. Young, over the amount of his accounts, to have paid these notes.   But, if this were so, there is no proof that there was any application of these amounts to the payment of these notes.   For aught that we see, or can tell, these payments may have been applied by Williams, the appellee, or by Young with his consent, in some other way.

Young died in possession of the notes.   He was a farmer having large interests in farms, and the proof shows that he furnished Williams with supplies and money, and accounts for him from time to time and from year to year.   There is no positive proof that these notes were ever paid, and we cannot suppose that they were, from the transactions referred to between Young and Williams.   There may have been other transactions between them. We understand from the evidence that some of the account books kept by Young in his life time were mislaid or lost when he moved from the country to the city, and could not be used in evidence.   It is not proper to assume, from what appears from this account book of Williams (the appellant), that these notes had been paid.   There was much other testimony.   Added to the fact that Capt. Young died in the possession of these two notes, the further fact that after his death the testimony of C. N. Alexander, his administrator, shows that Williams told him that the two notes were unpaid, that he intended to pay them, that he could get the money from Col. John Gracie, and would pay them off.   C. N. Alexander is unimpeached, and his testimony is positive.   We conclude, therefore, that the proof fails to show that these notes had been paid.   The burden was on the appellant.

Was this action barred by limitation?   Where land is sold, and notes given for the purchase price, and a bond for title to be made by the vendor upon payment of the notes, the vendor is a trustee holding the legal title in trust for the vendee upon payment of the purchase money, and the vendee is considered as a trustee holding the purchase money for the vendor.   There exists an express trust by contract between the parties, and the statute of limitations will not begin to run until there is a determination of the trust relation.   This is the doctrine of our court, and the courts

of the United States and others. *Harris* v. *King,* 16 Ark. 122; *Walton* v. *Coulson,* 1 McLean, 132; *Lewis* v. *Hawkins,* 90 U. S. 119.

Section 5094, Sandels & Hill's Digest, has no application to a case like this. The statute of limitations never began to run in this case. The decree of the chancellor is affirmed, with directions to proceed to carry the same into effect.