ruling of a motion for a new trial can properly be made in the record entry of its overruling, and that it is not necessary, when that is done, to repeat the same formality in the bill of exceptions. The court is aware that this question has been ruled differently in *Johnson* v. *State,* 43 Ark. 391, which was followed in *Beidler* v. *Freidell,* 44 Ark. 411. Both of these decisions overlooked this statute, or else they could hardly have failed to apply it. The court considers these cases in conflict with the statute, and they should not be followed, but overruled.·

Other questions are presented and discussed, but, as the evidence and records may be different on another trial, the court does not consider it proper to decide more than necessary to determine the appeal. ·

For the error indicated the cause is reversed, and remanded for a new trial.·

BATTLE, J., absent.

ON REHEARING.

Opinion delivered September 30, 1905.

HILL, C. J. The appellee complains of the statement of facts made by the court. The court has carefully gone through the record; and while it is not as clear it should be, yet it is reasonably clear and certain that the matters occurred as heretofore stated.

Attention is called to the fact that there was no ruling on the cross appeal, and appellee might be concluded by matters therein set up. The court intended the reversal to be complete, and the order will now be made to that effect, so as to remove any doubt that the entire proceeding is reversed.

---

TILLAR *v.* CLAYTON.

Opinion delivered July 29, 1905.

1. ESTOPPEL—VENDEE IN POSSESSION.—A vendee in possession under verbal purchase, and his heirs, cannot dispute the vendor's title while the purchase money remains unpaid. (Page 408.)

2. FORECLOSURE OF VENDOR'S LIEN—BURDEN OF PROOF.—In a suit to foreclose a vendor's lien on land the burden of establishing payment is on the vendee and his heirs. (Page 408.)

3. ADVERSE POSSESSION—VENDOR AND VENDEE.—The statute of limitations does not run against a vendor in favor of a vendee holding under a contract of purchase; nor does it run where the original possession of the holder was in privity with the rightful owner until there be an open and explicit disavowal and disclaimer of holding under that title brought home to the other party. (Page 408.)

4. APPEAL—QUESTION NOT RAISED BELOW.—Where, in a suit to foreclose a vendor's lien, defendants failed to plead the omission of the vendor to tender a deed with his complaint, and based their defense on other grounds inconsistent with that plea, the objection that no deed was tendered cannot be raised on appeal for the first time; but relief in such case will be granted to the vendor only on condition that he execute and tender in court a deed in proper form. (Page 409.)

5. FORECLOSURE OF VENDOR'S LIEN—TENDER OF DEED.—A vendor suing to foreclose his lien for purchase money must tender to the widow and heirs of his deceased vendor a deed conveying to them the land according to their respective interests. (Page 409.)

6. VENDOR AND VENDEE—REDUCTION OF PRICE.—Land was sold verbally, and after the vendee's death, the purchase money being unpaid, it was resold at a reduced price to one of the vendee's heirs, who falsely claimed to have acquired the interests of the widow and the other heirs of the vendee. *Held,* that the reduction inured to the benefit of the widow and the other heirs of the original vendee. (Page 409.)

Appeal from Desha Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Reversed.

STATEMENT BY THE COURT.

Appellant, J. T. W. Tillar, brought this suit, claiming a lien, as vendor, on eighty acres of land in Desha County, and praying for foreclosure of the same. He alleged that he first sold the land by verbal contract to one C. C. Clayton, who died intestate before paying any part of the purchase price; leaving appellees his widow and heirs, who were all defendants to the suit. That thereafter, on July 8, 1898, appelleee L. A. Clayton, one of the children of C. C. Clayton, purchased the land from appellant on credit, giving five notes aggregating the sum of $945.60, which includes interest to maturity, due and payable on the first days of July, 1899, 1900, 1901, 1902 and 1903, respectively, and appel-

lant executed to him a title bond or covenant to convey said land on payment of said notes. That at the time of said purchase said L. A. Clayton represented to appellant that he had obtained all the interest of said widow and heirs in and to said land. He also alleged that nothing had been paid on said notes.

L. A. Clayton answered, denying that Tillar was ever the owner or in possession of the land, and averring that Tillar had been unable to make title or to put him in possession of the land, and hence that Tillar had failed to perform the conditions of the title bond.

The widow and other heirs answered, denying that plaintiff ever owned the land, and denying that C. C. Clayton had ever made any agreement with plaintiff about the land, or that C. C. Clayton had ever gone into possession under any agreement with him, or that either of them had sold their interest to L. A. Clayton, and they averred that as widow and heirs of C. C. Clayton they claimed the land by seven years' adverse possession.

A. C. Stanley testified that he and appellant were formerly in the mercantile business as partners under the firm name of Tillar & Stanley, and that about the year 1881 Tillar bought the land in question from one Pitser Miller; that the land was considered assets of the partnership, and that he (witness) verbally sold the same to C. C. Clayton at the price of $10 per acre, with the understanding that he (Clayton) should go ahead and clear the land, and that a deed should be made to him when he paid the purchase price; that no deed or other papers were ever executed, no payment made, and that the land remained on the tax books in the name of Tillar & Stanley, and the taxes were paid by them, and that Clayton never claimed title to the property, though, pursuant to his purchase, he had taken possession of the land and cleared a portion of it. He further testified that, upon the dissolution of the partnership, he quitclaimed his interest in the land to Tillar. Appellant testified to the same facts, substantially, and that Clayton never paid anything on the price, but made promises up to the time of his death to pay same. He also testified that he never heard of C. C. Clayton nor of appellees claiming the land prior to the commencement of this suit. That the friendly relations between himself and C. C. Clayton were very intimate,

and that no written ·contract was executed covering the sale and purchase of the land.

All the testimony introduced by appellees was that of appellee J. R. Clayton, a son of C. C. Clayton, who said that his father died in possession of the land, claiming to be the owner thereof by purchase from A. C. Stanley. He said he did not know whether or not his father ever paid for the land.

The chancellor found in favor of the defendants, and dismissed the complaint for want of equity.

*W. S. McCain,* for appellant.

The law presumes that·the mere occupant of the land holds in subordination to the legal title; and the burden of showing that possession was in reality adverse is always on him who alleges such. 43 Ark. 504; 4 How. 289; 2 Wall. 328; 50 Ark. 141; 65 Ark. 422; 43 Ark. 495. A vendee in possession can not, without first surrendering possession, dispute his vendor's title, while the purchase money is unpaid. 27 Ark. 61; 60 Ark. 39. The possession of Clayton was that of appellant. Freeman, Cot. § § 156-166; 20 Ark. 381; 49 Ark. 242.

*X. O. Pindall,* for appellees.

The evidence does not establish a cause of action under the L. A. Clayton contract set up. Kirby's Dig. § § 5399, 5400. It was the duty of appellant to tender a deed to appellees. 44 Ark. 192; 28 Ark. 27; 27 Ark. 176, 662; Dart, Vend. 519, 520; Sug. Vend. 416.

McCULLOCH, J. The conclusion of the chancellor was erroneous, and finds no support in the record. The evidence is undisputed that C. C. Clayton took possession of the land under his verbal purchase from Tillar & Stanley, and neither he nor his heirs can dispute the title, while the purchase money remains unpaid. *Johnson* v. *Douglass,* 60 Ark. 39.

The burden is upon the appellees to prove payment of the purchase price, and they introduced no proof at all tending to establish payment. On the contrary, the undisputed testimony of both Stanley and Tillar shows that nothing was ever paid on the purchase price.

The statute of limitations does not run against ·a vendor in favor of a vendee holding under a contract for sale and purchase;

nor does it run where the original possession of the holder seeking to plead the statute was in privity with the rightful owner, until there be "an open and explicit disavowal and disclaimer of holding under that title and assertion of title brought home to the other party." *Williams* v. *Young,* 71 Ark. 164; *Whittington* v. *Flint,* 43 Ark. 504; *Ringo* v. *Woodruff,* 43 Ark. 495; *Coleman* v. *Hill,* 44 Ark. 452; *Duke* v. *State,* 56 Ark. 485.

It being shown that the original possession of Clayton was subordinate to the rights of his vendor, the law presumes that it continued in subordination thereto untill some hostile act is shown, and that notice thereof was brought home to the vendor. No act of hostility is shown in this case either by C. C. Clayton or his heirs after his death, and the plea of adverse possession is not sustained by the proof.

Counsel for appellees contend that appellant is not entitled to the relief sought for the additional reason that he failed to tender a deed with his complaint. This would have been a good defense if it had been pleaded; but appellees failed to plead the omission, and based their defense on other grounds inconsistent with that plea. It is too late now for them to object here for the first time that no deed was tendered.

Computing interest upon the purchase price agreed upon in the original sale to C. C. Clayton from the date of that sale would make that amount to more than the notes executed by L. A. Clayton; but appellant elected to sell to L. A. Clayton for the reduced amount, and that reduction inures to the benefit of the other heirs of C. C. Clayton. Appellant asks for a foreclosure for the amount of the L. A. Clayton notes and interest, and he is entitled to decree therefor, but must execute and tender in court a deed in proper form conveying the land to appellees as widow and heirs of C. C. Clayton according to their respective rights as such.

The decree is therefor reversed, and the cause remanded, with directions to enter a decree of foreclosure in favor of appellant in accordance with this opinion.

BATTLE, J., absent.