PERRY v. ARKADELPHIA LUMBER COMPANY.

Opinion delivered July 1, 1907.

ADVERSE POSSESSION—VENDOR AND VENDEE.—The statute of limitations does not run against a vendor in favor of a vendee holding under a contract of purchase, nor does it run where the original possession of the holder was in privity with the rightful owner, until there is an open and explicit disavowal and disclaimer of holding under that title brought home to the other party.

Appeal from Clark Circuit Court; *Joel D. Conway,* Judge; affirmed.

*C. V. Murry,* for appellants.

Appellant's testimony is uncontradicted that he purchased the land from appellee January 4, 1896, built a dwelling and moved thereon within two months thereafter, and has continuously held the land as his own property until bringing of this suit. He has acquired title by more than seven years' adverse possession, and the signing of a lease agreement after the title had thus matured would not defeat that title. The proof shows that the land was appellant's homestead when the lease was signed. The lease was therefore invalid. Kirby's Digest, § 3901 ; 57 Ark. 242 ; 60 Ark. 270.

*John H. Crawford,* for appellee.

Giving the testimony the most favorable construction in appellant's behalf, it only shows that appellants took possession under a contract for a title to be made to them when the purchase money was paid, and there is only testimony to show a *first payment.* There is nothing in the record to show any notice brought home to appellee of any adverse holding by appellants against its rights nor is there any disclaimer of appellee's title necessary to put the statute to running. Vendees can not plead the statute against the vendor. 27 Ark. 61; 47 Ark. 351; 76 Ark. 406. See also 70 Ark 49.

HILL, C. J. The Arkadelphia Lumber Company brought an unlawful detainer action against Henry Perry and Rachel Perry, his wife, alleging that they were unlawfully in possession of a forty-acre tract under lease dated December 4, 1903; that the terms of the lease were broken, and after demand they had refused to deliver possession. The defendants answered, denying that they had leased the land of the Lumber Company, and alleged that in January, 1896, they had purchased the same from the Lumber Company, and shortly thereafter went into possession under said purchase, and had continuously from that time until dispossessed by the sheriff in this action, on November 3, 1905, held possession of the property as a homestead. They asserted title by seven years' adverse possession, and denied the validity of the lease, claiming that it was not properly acknowledged as a conveyance of a homestead, and it was without consideration, because at the time of its execution they were the owners of the property by adverse possession.

The case went to a jury, and there was a verdict in favor of the plaintiff, from which the defendants have appealed, and present several questions as to the correctness of the instructions. It is unnecessary to go into the instructions, as the evidence of the defendant, Henry Perry, appellant here, shows that the court should have directed a verdict against him. He says that he made a purchase of the land in controversy in January, 1896, and went into possession of it and cleared up part of it and built a house upon it, and that he had lived upon the same with his wife ever since. He says that the first payment was to be in ties, and that he delivered 150 oak ties at 18c and 350 pine ties at 8c to apply on the first payment. He then called at the Lumber Company's office a time or two to get a bond for title, but, failing to see the manager, dropped the subject.

The contract of purchase is not in the record, and the evidence does not show how much the purchase price was; but it affirmatively appears from Perry's testimony that the deferred payments were never made. Excluding the lease which he assails, he admits that he remained in possession without any change in his attitude to those who put him in possession, and without any further payments after the delivery of the ties. What was said in *Tillar* v. *Clayton,* 76 Ark. 405, applies here: "The statute of limitations does not run against a vendor in favor of a vendee holding under a contract for sale and purchase; nor does it run where the original possession of the holder seeking to plead the statute was in privity with the rightful owner until there be an open and explicit disavowal and disclaimer of holding under that title and assertion of title brought home to the other party." Citing numerous cases. Perry's testimony shows that there was no "open and explicit disavowal and disclaimer" of the title under which he entered. And he shows that no assertion of any adverse holding was brought home to the Lumber Company. Therefore he has no case.

Judgment is affirmed.