CANTLEY v. EDENS.

4-3714

Opinion delivered February 25, 1935.

W. E. Rhea and G. B. Segraves, for appellant.

W. P. Smith, Harry Ponder, Jr., and H. L. Ponder, for appellees.

McHANEY, J. The St. Louis Joint Stock Land Bank in 1932 brought suit against John A. Arnold and wife and Ernest Z. Edens and wife to foreclose a mortgage on 205 acres of land, executed in 1922. The Edens alleged a purchase from the Arnolds in 1926 of one acre of the mortgaged lands; that the Arnolds with the consent of the bank conveyed said acre to Edens. The bank became insolvent after the suit was brought, and S. L. Cantley was appointed receiver and has prosecuted this suit.

Appellant prosecutes this appeal from an order of the chancery court confirming a commissioner's sale of real estate made under a decree in a mortgage foreclosure suit. At the sale appellant became the purchaser, and the sale was confirmed, "subject to the right of the

defendants and exceptors, Ernest Edens and Lula Edens, to remove their residence and any other improvements built by them on the one-acre tract," same being a part of a 205-acre tract in Lawrence County, mortgaged to appellant by John A. Arnold and wife under date of September 27, 1922.

The foreclosure action was instituted March 2, 1932, against Arnold and wife, in which appellees were made parties, because in 1926, they had purchased from Arnold, one acre of the mortgaged lands on which they had erected a home and other valuable improvements at a cost of approximately $3,000. Appellees defended the action as against them on the ground that, after they had acquired the one acre from Arnold and prior to the erection of the improvements thereon, they had an agreement with appellant that for a consideration of $100, the lien of the mortgage held by appellant would be released, and that, in reliance upon said agreement, they built said improvements. Trial was had and on September 19, 1933, the court entered a decree awarding judgment to appellant against Arnold and wife in the sum of $10,786.64, with interest, and decreed a first lien on the entire 205 acres and appointed a commissioner to sell the land, if judgment was not paid prior to January 1, 1934. The commissioner was directed first to offer the tract, less the Edens' acre, and if it did not sell for a sum sufficient to satisfy the judgment, then to offer the Edens' acre. No appeal was taken from this decree. In February, 1934, appellees filed a petition to have the decree corrected so as to eliminate their one acre, and tendered $100 plus interest for a release of this one acre, which was refused. On February 20, 1934, the chancellor, in vacation, denied said petition, and no appeal was taken from this order. Thereafter on March 26, 1934, the commissioner sold said land less the Edens' acre to appellant for $9,000, and the Edens' acre was then sold to appellant for $1,700. The commissioner reported the sale on April 24, 1934, and appellees and Arnold filed exceptions thereto setting up the same matters as in their answer and in the petition to correct the decree. On a trial of these exceptions before the chancery court, the

sale was approved and confirmed subject to the right of appellees to remove their improvements as herein above stated.

We think the court correctly applied the principles of equity in this case as announced in the recent case of *Austin* v. *Federal Land Bank,* 188 Ark. 971, 68 S. W. (2d) 468. It was there held that a mortgagee who seeks to foreclose a mortgage in a court of equity will be required to do equity by permitting one who had purchased a half acre of land and made improvements thereon in ignorance of the mortgage to remove the improvements from the land. Here it is admitted that appellees knew of the mortgage, but they had a definite agreement with appellant that it would release the acre of land from the mortgage on the payment of $100, and this would have been accomplished, but for the fact that there was a second mortgage outstanding against the land, unknown to appellees, and this mortgagee refused to release. This fact occasioned the delay, and it worked no prejudice to appellant's rights. In fact, the court might well have gone further and required appellant to have accepted the tender of $100 and interest and vested the title in appellees. This it did not do, and there is no cross-appeal here giving us the power so to do. This is but simple justice. Appellant did not make the loan on the land because of these improvements on the Edens' acre, as they were erected long afterwards, and erected under an agreement to release. By permitting appellees to remove their improvements off the land, appellant has all it ever had and all it is entitled to in a court of conscience. But appellant says that appellees are now estopped to claim the right to remove the improvements and that the original decree denying them this right in effect is *res judicata.* We cannot agree. While it is true that the court denied appellees' claims both in the original decree and in the motion to correct the decree, still the court retained control of the whole action until the sale was approved and confirmed. Exceptions were filed to the report of sale and testimony was heard thereon which amply supported the decree of the court. Cases cited and relied upon by appellant are

not in point, and it would serve no useful purpose to discuss and attempt to distinguish them.

The sale was approved on April 24, 1934. Whether this confirmation was had during the first three days of the regular term of court, as required by act 21 of 1933, p. 47, we cannot tell from the record. As to the validity of such an order made at any other time, see *Pope* v. *Shannon Bros., Inc., ante* p. 441, this day decided. We therefore express no opinion as to the validity of the confirmation decree in this regard in this case.

Affirmed.