COOP *v.* JOHNSON.

4-3760

Opinion delivered March 11, 1935.

*W. K. Ruddell,* for appellant.

*J. Paul Ward,* for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Independence County by the executor of the estate of W. J. Coop, deceased, against E. A. Johnson and Grechen Johnson, his wife, Ansel Johnson, and Mrs. Dean V. Johnson to foreclose a mortgage upon 92 acres of land in said county, given by E. A. Johnson and his wife to W. J. Coop to secure the purchase money for said land from whom they bought it. W. J. Coop had acquired two acres of the tract by deed from Rural Special School District No. 6 and the 90-acre tract from other parties. The two-acre tract had a school building of one large room upon it, which had been used at one time for school purposes by the school district. E. A. Johnson and wife moved into the residence on the 90-acre tract and made an oral gift of the two-acre tract to his mother, Mrs. Dean V. Johnson, who, with her son, Ansel Johnson, moved into the school building and remodeled it into a six-room residence, at considerable cost. She and her

son were residing in the remodeled residence when the foreclosure suit was instituted.

She filed an answer to the complaint, stating that she did not know the two-acre tract was included in the mortgage for the purchase money of the lands, and that she had acquired title thereto by oral gift and delivery of possession from her son, E. A. Johnson, and in good faith made permanent improvements thereon, and prayed in the alternative that the title thereto be vested in her, or, if not, that she be permitted to remove her improvements. Later, and before the trial of the cause, she filed an amended answer stating that, since the institution of the suit, she had acquired title to the two-acre tract by deed from K. A. Kelley, who, himself, had acquired title thereto through mesne conveyances from the United States.

On a trial of the cause, the chancery court found and adjudged the title to the two-acre tract in appellee and rendered a decree of foreclosure against the 90-acre tract, and ordered a sale thereof to satisfy the indebtedness for the purchase money. The 90 acres did not sell for enough to pay the debt, so an appeal has been prosecuted to this court from that part of the decree vesting the title to the two-acre tract in appellee.

Appellants contend that the court erred in vesting the title to the two-acre tract in appellee. She was the donee of her son, A. E. Johnson, who was the grantee of W. J. Coop, to whom A. E. Johnson was indebted for the purchase money. The gift to her of the two-acre tract was complete as she had entered into the possession thereof and had made valuable improvements thereon. She could not buy an outstanding paramount title for her own benefit and assert it against the payment of the purchase money. Under the evidence in the case, she acquired a superior title from K. A. Kelley to her own and that of W. J. Coop, but it must be treated as a purchase by her for the benefit of W. J. Coop, their vendor and mortgagee, for the purchase money. The applicable rules of law are that the purchaser in possession under deed or oral agreement cannot dispute the title while the purchase money remains unpaid, and cannot deny his ven-

dor's title as long as he remains in possession, and, so long as he remains in possession, must rely for protection upon the covenants contained in his deed. *Brodie* v. *Watkins,* 21 Ark. 319; *Lewis* v. *Baskin,* 27 Ark. 61; *Johnson* v. *Douglas,* 60 Ark. 39, 28 S. W. 515; *Tillar* v. *Clayton,* 76 Ark. 405, 88 S. W. 972; *Blackwell* v. *Kenney,* 119 Ark. 578, 180 S. W. 757.

Appellee argues that, even though not allowed to prevail on the paramount title purchased by her from K. A. Kelley, she should be allowed to remove the improvements made by her on the two-acre tract under the doctrine announced in the case of *Austin* v. *Federal Land Bank of St. Louis,* 188 Ark. 971, 68 S. W. (2d) 468. The improvement she made was to convert a schoolhouse already upon the property into a six-room residence. The removal of the residence would necessarily involve the removal of the schoolhouse, thereby impairing the vendor's security. The situation in the instant case is quite different from the situation in the Austin case.

The only remedy available to appellee is the recovery of the amount she paid for the outstanding paramount title which redounded to the benefit of the vendor, W. J. Coop. The record does not disclose how much she actually paid to K. A. Kelley for the paramount title.

On account of the error indicated, the decree relative to the two-acre tract is reversed with directions to the trial court to foreclose the mortgage lien upon the two-acre tract to satisfy the unpaid part of the purchase money and out of the proceeds of the sale to repay appellee the amount she actually paid K. A. Kelley for his title, and to apply the balance, or so much thereof as may be necessary, to the payment of the unpaid purchase money.