COOP v. JOHNSON.

4-4170

Opinion delivered February 17, 1936.

*W. K. Ruddell*, for appellant.
*Charles F. Cole*, for appellee.

HUMPHREYS, J. This is the second appeal in this case. The opinion on first appeal is reported under the style of *Coop* v. *Johnson*, 190 Ark. 550, 80 S. W. (2d) 70, and is referred to for a statement of the issues involved instead of making another statement of them. The first appeal resulted in a reversal of the decree as to the two-acre tract with specific instructions to the trial court to

foreclose the mortgage lien thereon to satisfy the unpaid part of the purchase money and out of the proceeds of the sale to repay appellee, Mrs. Dean V. Johnson, the amount she actually paid K. A. Kelley for the outstanding paramount title thereto, and to apply the balance, or so much thereof as might be necessary, to the payment of the unpaid purchase money. The original record failed to disclose what Mrs. Dean V. Johnson actually paid for the outstanding paramount title, which was bought from K. A. Kelley for the benefit of herself and the mortgagee, and the case was remanded for proof as to the amount she paid for it. Instead of following the specific directions made, which became and is the law in the case, an attempt was made to try the entire case over, and the proof introduced as to the amount she paid for the two-acre tract is indefinite and uncertain. The record on the retrial of the cause reflects that she exchanged $900 of stock in the Goodwin Drug Company for the note of $500 she had executed to K. A. Kelley for the two-acre tract. The record before us is silent as to the cash market value of the stock. For aught that appears, the stock may have been worthless and without any cash market value whatever. There is no evidence at all to support the finding of the trial court that Mrs. Johnson paid K. A. Kelley $500 for the outstanding title, so the decree on direct appeal is reversed. The decrees against appellee for attorneys' fees are also reversed on cross-appeal as there is no fund now out of which to pay them.

The cause is remanded under the directions made on the former appeal.