RODGERS *v.* VAUGHN.

4-7838                                                      193 S. W. 2d 652

Opinion delivered March 18, 1946.

Rehearing denied April 29, 1946.

*Chas. A. Maze* and *W. J. Morrow,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

SMITH, J. On December 12, 1940, W. V. Vaughn, the owner of a tract of land in Johnson county, entered into a contract with George F. Rodgers, to sell and convey the land to Rodgers for the sum of $2,550, with a down payment of $200, the balance to be paid in $200 payments, on or before the 12th day of each succeeding December, beginning in 1941, to and including the year 1952, which last payment would be $150, and all bearing interest at 6% from the date of the contract.

The contract recited there was no incumbrance on the land, whereas there was a mortgage dated September 17, 1940, given by Vaughn to his daughter, Mrs. Pearl Faucett, to secure a debt of $1,500 due three years after the date of the mortgage, and bearing interest at the rate of 8%, which had been recorded prior to the contract of sale.

Vaughn filed a suit in which he alleged that Rodgers had made default in the payment of installments of purchase money, required by the contract of sale, and alleged that he had elected to avail himself of the option, which the contract of sale gave him, to declare all payments due on account of the default. Vaughn prayed that a receiver be appointed to take charge of the land, that the amount of the debt due him be adjudged, including taxes and insurance, which Rodgers had agreed to pay, but had not paid; that he have judgment for his debt and that the land be sold in its satisfaction.

Rodgers filed an answer alleging his ability and desire to comply with the contract, and denied that he was in default. He admitted that he had not made payments

as provided by the contract, but averred he had not done so because of the outstanding mortgage of which he was unaware when he contracted to buy the land. He alleged that he entered into the possession of the land under contract, and had planted a peach orchard of 600 trees, and that there were credits from the sale of peaches and from other sources which, if allowed him, would satisfy any installments of payments which had matured.

We do not review the conflicting testimony on this question as its decision now is not required under the state of the record before us. The court granted the relief prayed, found that Rodgers had made default and was indebted to Vaughn in the sum of $2,320, "plus the expenses for 1944," and rendered judgment therefor, and appointed a commissioner to sell the land in satisfaction thereof.

Mrs. Faucett, the owner of the mortgage on the land, testified as a witness in the case, and stated that she expected the mortgage to her to be paid from the proceeds of the sale under the decree which Vaughn asked the court to render, but she was not made a party to the suit, and counsel for Vaughn declined to make her a party when he was asked if he would do so.

We think the testimony sufficient to support the finding that Rodgers had made a default which authorized Vaughn to exercise the option of declaring the entire debt due, the amount of which we do not consider, for the reason that Mrs. Faucett, the holder of the outstanding mortgage against the land, was not made a party to the suit. In our opinion she was a necessary party, and in her absence the equities of the parties cannot be adjudged.

The testimony is conflicting as to when Rodgers was advised of the existence of the mortgage, but whatever the fact may be Rodgers had the right to have this mortgage taken into account, and provision made for its payment. The decree should have given Rodgers the right to pay the mortgage, and credit for the payment upon any balance of purchase money found to be due, inasmuch as the decree gave judgment against Rodgers for the entire amount of purchase money then unpaid.

In any event it was error to render judgment against Rodgers for the payment due, and direct the sale of the land in satisfaction thereof, when any purchaser at such sale would have bought subject to the mortgage which was of course a prior lien on the land in existence when Vaughn contracted to sell it.

It was held in the case of *Johnson* v. *Douglass,* 60 Ark. 39, 28 S. W. 515, that, "The fact that the vendee, having a bond for title, is in possession of the land will not prevent him from resisting the payment of the purchase money when the title of the vendor has failed; but he must, in order to avail himself of this defense, offer to rescind and restore the premises to the vendor." Here all the credits claimed by Rodgers represent a small per cent of the value of the land, and he does not ask rescission, but demands the right to be allowed to perform the contract and complete the purchase of the land.

In no event should there have been any uncertainty as to whether the land would be sold subject to the mortgage, and in view of the fact that the mortgage dated, Sept. 17, 1940, was given to secure the payment of a debt now past due, and the further fact that Mrs. Faucett testified that she expected her mortgage to be satisfied out of the proceeds of the sale, the decree will be reversed and the cause remanded, with directions to make Mrs. Faucett a party, and to ascertain the balance of purchase money due, less all proper credits, and to ascertain the amount due on the mortgage and the sale of the land will be ordered with directions to apply the proceeds of the sale as follows: First to the satisfaction of the mortgage, next to the payment of any balance of purchase money, after allowing Rodgers credit for the payment of the mortgage, and third, any excess remaining should be paid Rodgers.

At § 551, Chapter on Mortgages, 37 Am. Jur. p. 47, the law is stated to be that persons holding prior mortgages or liens are not only not necessary parties, but according to some authorities, not even proper parties to a suit to foreclose a mortgage, where the decree sought only for a foreclosure of the equity of redemption from

the prior lien or mortgage, and not all of the entire property, and that the decree can have no effect on the rights of parties having priority, whether they are made parties to the action or not. It was there further said: "However, a prior encumbrancer is a necessary party where a sale of the entire property and estate, and not merely the equity of redemption, is desired upon the foreclosure of a mortgage; this is requisite in order that the amount of the prior encumbrance may be ascertained and paid out of the proceeds of the sale and in order that the purchaser may be thus protected. But such a purpose must be specifically indicated, and the prior claim set forth in full in the complaint. The prior lien holder should not be made a party to the suit unless he previously indicates a willingness to have the whole title sold under the foreclosure and to have all encumbrances paid out of the proceeds in the order of their priority. He cannot be compelled to accept payment from the proceeds of the sale, unless his lien has matured and is due and payable. Furthermore, a court will not ordinarily decree the payment of a prior lien from the proceeds of the sale, unless the prior lien holder has appeared and consented to the decree. He must be willing to receive payment, and to have a sale of the whole title; although, if a prior mortgagee consents to a sale, he cannot afterward commence a foreclosure of his own mortgage."

Here the debt secured by the mortgage to Mrs. Faucett is not only due, but she expressed her anticipation of having it paid from the proceeds of the sale of the land under the decree in Vaughn's favor. She should therefore be made a party to the suit to the end that the equities of all parties may be protected and the decree is therefore reversed, and the cause remanded for further proceedings in accordance with this opinion.