Peter P. CHESWICK and Frank H. Galik, Appellants,

v.

C. A. WEAVER and Lee Carroll, Appellees.

No. 5063.

Court of Civil Appeals of Texas.

Beaumont.

May 26, 1955.

Rehearing Denied June 23, 1955.

Peter Cheswick, Houston, for appellant.

V. A. Collins, Livingston, for appellees.

WALKER, Justice.

Plaintiffs sued to foreclose a judgment lien. After the judgment was abstracted, the judgment debtor bought the land in suit from Fortenberry, giving Fortenberry his note, payable in installments, for a part of the price and Fortenberry made him a general warranty deed to the land, which, however, reserved a vendor's lien as security for the note. The debtor subsequently conveyed the land to the defendant Weaver, subject to the lien, and Weaver assumed the payment of the unpaid part of the note. Fortenberry had assigned the note and lien to a bank in the meanwhile and Weaver paid the note to the bank and the bank gave him a formal release of the note and lien. The trial court found that Weaver "had no actual knowledge of said judgment or of the filing of the same in the judgment records," and Weaver testified that he did not know a judgment had been abstracted until shortly before the suit was filed. The cause was tried to the court without a jury and the trial court held that the interest of the judgment debtor in the land under Fortenberry's deed was equitable in nature and was not such an interest as the judgment lien attached to, and rendered judgment denying plaintiffs a foreclosure. The plaintiffs excepted to this judgment and took this appeal.

## Opinion

**1.** The judgment lien attached to the interest of the judgment debtor in the land and the defendant Weaver took this interest subject to this lien. Baker v. West, 120 Tex. 113, 36 S.W.2d 695.

**2.** On the pleading of the defendant Weaver and on the facts found by the trial court the plaintiffs were entitled to a foreclosure of their lien on the land in suit. Furthermore, the suit has been on file more than two years and has been tried twice, but neither judgment nor lien is questioned and plaintiffs' evidence that the judgment is unpaid is not disputed. On the facts found by the trial court and on the testimony of the defendant Weaver and Mr. Cruse, an officer of the bank who testified concerning the payment and release of the note and lien, the defendant Weaver was not entitled to a subrogation to the vendor's lien although he had only constructive knowledge of the judgment lien when he paid the note. There is a conflict of authority as to whether one in defendant Weaver's position is entitled to subrogation because he did not have actual knowledge of the junior lien. 50 Am.Jur. 732 (Sec. 80). However, in McDowell v. M. T. Jones Lbr. Co., 42 Tex.Civ.App. 260, 93 S.W. 476, the Court of Civil Appeals held, in effect, that the lack of actual knowledge was immaterial, applying the rule that one who assumes a debt and thus becomes primarily liable for its payment is not entitled to subrogation to this debt and the lien securing it. For decisions declaring the latter rule see: Harrison v. First National Bank, Tex.Com.App., 238 S.W. 209, at page 210 (Headnote 1); Kerens National Bank v. Stockton, 127 Tex. 326, 94 S.W. 2d 161, at page 165; McDermott v. Steck Company, Tex.Civ.App., 138 S.W.2d 1106, at page 1109 (Mo. reh.); Ricketts v. Alliance Life Ins. Co., Tex.Civ.App., 135 S.W. 2d 725, p. 734. Weaver testified that he had made some improvements on the land, but this fact created no equity of reimbursement in his favor since he was charged with notice of the lien. Memphis Cotton Oil Co. v. Gist, Tex.Civ.App., 179

S.W. 1090; 23 Tex.Jur. 393 (Sec. 17); McCoy v. Larson, 286 Ill.App. 405, 3 N.E. 2d 713; Nixdorf v. Blount, 111 Va. 127, 68 S.E. 258; Freeman on Judgments, Sec. 973, p. 2049. If this were all to be said, we might render final judgment under London Terrace, Inc., v. McAlister, 142 Tex. 608, 180 S.W.2d 619, but the testimony suggests an issue in defendant Weaver's favor not fully developed and this issue can be remanded to the trial court without harm to the plaintiffs, and so to this extent a remand would subserve the ends of justice. It is apparent that as regards enhancement of value by reason of Weaver's improvements, the plaintiffs are catching a bargain, and if any of these improvements can be removed without injury to the land or to structures or improvements on the land when the judgment debtor conveyed the land to Weaver, the removal by Weaver of such an improvement will do the plaintiffs no harm. In Glenn on Mortgages, Sec. 202, p. 1022, citing Austin v. Federal Land Bank, 188 Ark. 971, 68 S.W.2d 468, by the Supreme Court of Arkansas, the author states: "Some leeway, too, might fairly be extended to an improvement made in a similar case of innocence. If a grantee of mortgaged premises takes without actual notice of an underlying mortgage, he takes subject to its lien nevertheless, if the instrument has been duly recorded. There is no escape from this, because the recording acts bind subsequent grantees absolutely. But a grantee who actually knew nothing of the mortgage should be allowed a certain 'get away' privilege as to fixtures he may have put on the land. That is to say, he should be allowed to remove the fixtures if they are of such nature that the removal will not damage the premises. So it has been held, and I think rightly, although the mortgagee should not be delayed in his foreclosure because of the time required for the removal, unless, indeed, he can be compensated for the delay." We adopt this as a rule of decision to be applied in this case.

The judgment of the trial court is reversed. The cause is remanded to the trial court to determine whether the de-

fendant Weaver, if he so desires, can remove any improvement made by him since the date of his deed on the land described in the petition without injury to said land or to any structure or improvement on it at the date of said deed, and if any such improvement there be and the defendant Weaver desires to remove it, the trial court, having so determined, shall render judgment authorizing removal of said improvement to be made and fixing a time within which this shall be done or else the improvement to become subject to the judgment lien, and further, subject to this conditional right of removal, shall decree to the plaintiffs against the defendant Weaver a foreclosure of the judgment lien on the land described in the petition and a sale of said land in accordance with T.R. 309. But defendant Weaver is not personally liable to the plaintiffs on said judgment and no personal liability shall be decreed against him.