## HANNAFORD v. DOWDLE.

### Opinion delivered April 15, 1905.

1. HUSBAND AND WIFE—SETTLEMENT.—Where a married woman executed a deed absolute in form to her land, the consideration of which was a past due indebtedness from her husband to the grantee, it being agreed at the same time that the grantee would reconvey the land to her husband reserving a vendor's lien for the amount of the consideration, which was accordingly done, as to the grantee the transaction may be treated as a mortgage, but as to the husband it may be treated as a voluntary settlement, and be upheld as such, in the absence of proof of fraud or imposition. (Page 130.)

2. SAME—COMPETENCY AS WITNESSES.—A husband or wife may testify concerning contracts and transactions between each other, where they can do so without breach of the confidential relation. (Page 131.)

3. SAME—TRANSACTION BETWEEN.—The object of the rule that gifts from the wife to the husband are to be scrutinized with jealousy is to ascertain, and not to defeat when ascertained, the real intention of the parties, where the transaction is free from fraud. (Page 132.)

Appeal from Conway Circuit Court in Chancery.

WILLIAM L. MOOSE, Judge.

Reversed.

#### STATEMENT BY THE COURT.

This is an action by R. A. Dowdle and others as heirs at law of Juliette E. Hannaford, in the Conway Circuit Court in chan-

cery against J. T. Hannaford and Allen-West Commission Company for the purpose of having a deed from said J. T. Hannaford and Juliette E. Hannaford to Allen-West Commission Company, and a like deed from Allen-West Commission Company to J. T. Hannaford, declared a mortgage and subject to redemption, and for an accounting between Hannaford and Allen-West Commission Company as to the amount due on the mortgage, and, as between Hannaford and the heirs of Mrs. Hannaford, of the proceeds of the lands and rents and profits thereof.   Said Juliette E. Hannaford, the wife of appellant, J. T. Hannaford, was the owner in fee of certain lands in Conway County, and, on August 10, 1895, she and her said husband executed their joint deed, conveying these and a large body of other lands owned by appellant Hannaford to the Allen-West Commission Company, a mercantile corporation doing business at St. Louis, Mo.  The deed is absolute in form, conveying all the lands described in fee simple for a consideration of $21,482.40, named in the face of the deed.  A day later Allen-West Commission Company conveyed all the lands to appellant Hannaford by deed absolute in form and reciting a consideration of $21,482.40, payable in three annual installments, with interest.   Mrs. Hannaford died January 14, 1898, and appellee commenced this suit on February 15, 1901.

The defendants answered separately, each denying that the deed was executed as security for debt, and alleging that, on the contrary, the same was an absolute sale and conveyance of the property executed in good faith.   Appellant Hannaford, in his answer, further alleged that his wife, the said Juliette E., pursuant to a design long entertained, joined in the conveyance to said Allen-West Commission Company with the full knowledge and express agreement that her lands so conveyed should be reconveyed to him, the said J. T. Hannaford, so that the title should thereby become vested in him in fee simple.   Allen-West Commission Company made its answer a cross-complaint against Hannaford and the plaintiffs, praying for a foreclosure of a lien on the lands for the amount of its debts alleged to be $12,634.18. No answer to the cross-complaint was made.

The court, hearing the cause upon the pleadings and proof, found that the deed executed by Hannaford and wife to Allen-West Commission Company was intended only as a security for

debt, and was in effect a mortgage, and rendered a decree accordingly, declaring the title to be in the plaintiffs subject to the mortgage lien of the Commission Company, and that they also recover of defendant Hannaford the amount of rents of the lands found to have been collected  by him since the commencement of the suit.   The court also found the balance  due the Commission Company by Hannaford on the debt secured by the deed to be the sum of $6,024.01, and decreed that the same be foreclosed first upon the lands of said Hannaford so conveyed, before resort to the lands conveyed by his wife, Juliette E.

Both defendants appealed.

*John M. Moore, W. B. Smith* and *J. F. Sellers,* for appellants.

Plaintiffs did not show that they were all the interested parties.   33 Ark. 727; 56 Ark. 545; 59 Ark. 187; 28 Ark. 171; 37 Ark. 517; 15 Enc. Pl. & Pr. 584.   Hannaford was a proper witness.   1 Green. Ev. § 337; 33 Ark. 614; 41 Ark. 177; 42 Ark. 503; 53 S. W. 442; 43 Ark. 315; 48 Pac. 846; 12 S. W. 665; 24 S. W. 137; Rodg. Dom. Rel. § 258.   The decree was not based upon proper allegations, and is void.   11 Ark. 122, 141; 37 Ark. 599; 67 Ark. 444; 66 Ark. 113; 18 S. W. 334; 53 N. W. 317; 45 N. J. Eq. 77; 111 Ind. 570; 112 Ill. 520; 6 S. W. 241; 50 Ark. 85; 65 Ark. 278; 40 Ark. 298; 52 Ark. 154.   Appellees are without equity.   7 Ark. 516; 33 Ark. 294; 53 Ark. 147; 29 S. W. 636.   Hannaford was a purchaser for value.   41 Ark. 183.   The facts showed nothing but a sale.   20 Am. & Eng. Enc. Law, 954; 19 Ark. 278; 2 L. R. A. 753; 50 Am. Dec. 196; 85 N. W. 1006; 62 Pac. 473; 73 N. W. 230; 29 S. E. 406; 93 Ill. App. 445; 80 Ala. 16; 75 Ia. 89; 67 Wis. 648; 13 Nev. 526; 43 Hun, 292; 31 Ark. 165; 40 Ark. 149.   A mortgage was not intended.   115 Ga. 281; 39 S. E. 757; 87 N. W. 700; 25 So. 456; 32 S. E. 816; 29 N. E. 297; 20 *Ib.* 709; 10 *Ib.* 140, 986.   Deed and defeasance must be between the same parties.   45 Pac. 816; 14 Pick. 480; 23 N. E. 234; 43 Me. 371.   The circumstances do not evidence a mortgage.   86 N. W. 714; 41 Cal. 22; 22 Kan. 460; 58 N. W. 454; 85 N. W. 1008; 1 L. R. A. 240; 19 Wend. 518; Jones, Mort. § § 265, 267; 1 Dev. Eq. Cas. 273; 3 Ark. 384;

5 Ark. 339. The intent and belief of the parties do not change the nature of the transaction. 38 Ark. 264.

*Reid & Bruce* and *Ratcliffe & Fletcher,* for appellees.

There was a proper joiner of parties plaintiff. 44 Ark. 236; 25 N. J. Eq. 523; 19 *Ib.* 549; 10 Paige, Ch. 447; 33 Ark. 611; 37 Ark. 298. The instrument from Hannaford and wife to the Commission Company was a mortgage. 40 Ark. 146; 39 Ark. 430; 23 Ark. 492; 1 Jones, Mortg. § § 244, 325; 31 Pa. St. 131, 295; Tied. R. P. § 305; 18 Ark. 49; 30 Tex. 332; 22 Pick. 526; 85 Ill. 228; 54 Miss. 90; 1 Jones, Mortg. § § 241, 268, 308, 331. The testimony as to what took place between Hannaford and his wife was properly excluded. Kirby's Dig. § 3093; 65 Ark. 508; 29 Ark. 603; 82 Ga. 334; 39 N. J. Eq. 211; 73 N. Y. 498; Story, Eq. Jur. 310; 82 Ky. 51. The Commission Company owed a duty to Mrs. Hannaford to apply the purchase money of all the property towards the payment of the debt. 5 Ark. 283; 6 Ark. 317; 1 Jones, Mortg. § § 114, 724. The deeds were fraudulent and void. 31 Ark. 666; 46 Ark. 412.

McCulloch, J., (after stating the facts.)   We need not pause to consider the question whether the parties to the first conveyance intended the same to be an absolute conveyance, or a security for debt. It is conceded by appellants that the consideration named in the deed was a past-due indebtedness from Hannaford to the Commission Company, that the reconveyance was agreed upon before the execution of the first deed, and that both deeds were prepared at the same time, and were practically a part of the same transaction. Whatever the intention of the parties may have been, the only effect of the execution of the two deeds, the last reserving a vendor's lien for the amount of the consideration, was to give to the Allen-West Commission Company security for the debt. So it is a matter of little concern, so far as the rights of the creditor are affected, whether the first conveyance be treated as a deed or a mortgage.

It may be treated as a mortgage, so far as the grantee is concerned; but as an absolute conveyance by the grantors for other purposes. It is contended by appellants that the grantors,

Hannaford and wife, intended the conveyance as a vehicle by which the title was to be lodged in the former. We see no reason by which they could not legally accomplish the desired result by that method, even though another part of the scheme was to have the title pass through the Commission Company for the purpose of giving them a security for debt.

The case of *Scogin* v. *Stacy*, 20 Ark. 265, is like the case at bar except that the conveyance was by the husband. The husband conveyed lands to another by absolute deed which was intended only as security for debt. Later the grantee executed to the wife of the grantor, by the latter's procurement or consent, an agreement to reconvey the land to her upon payment of the secured debt, and after the death of the wife the husband sued to recover the lands. Chief Justice ENGLISH, for the court, said: "In equity, upon the allegations of the bill, the transaction must be regarded as a provision by complainant for the voluntary settlement of the land upon his wife, and which he had the right to make and she to accept, in the absence of any showing that there were any intervening rights of creditors to prevent it." The same rule should prevail as to a conveyance by the wife, except that a court of equity will scrutinize it with greater care than a conveyance by the husband. Either spouse may legally convey lands to a third person to be reconveyed to the other. Rodgers, Dom. Rel. § 252; *Wilks* v. *Dean,* (Ky.), 44 S. W. 397. The Kentucky court, in the case cited above, said concerning a conveyance of this kind by the wife: "This court has held in numerous cases that the wife, her husband joining her, can convey her property to a third person, with the understanding that that person convey it to the husband. If the conveyance is thus made to the husband, it is valid. The only way to set it aside is to show that it was procured by fraud, coercion or undue influence." To the same effect see *Todd's Heirs* v. *Wickliff,* 18 B. Mon. 866.

Appellant Hannaford testified that he and his wife both had some property at the date of their intermarriage, and that both repeatedly expressed their intention to each other to leave the property to the other; that, pursuant to such intention, he carried insurance upon his life in a large sum, payable to her, and exe-

cuted his will, leaving all his property to her; that his wife frequently expressed her intention and desire that all her property should go to him, and preferred to make a deed of conveyance to him, rather than a will, and that, when the deed to the Commission Company was executed, she knew that the land was to be reconveyed to him, and agreed that it should be done, so as to accomplish her purpose of conveying the lands to him. He was a competent witness in his own behalf to prove those facts, and no rule of evidence was violated in allowing him to so testify. The husband or wife can testify concerning contracts and transactions between each other, where they may do so without breach of the confidential relation. *Rudd* v. *Peters,* 41 Ark. 177; Rodgers, Dom. Rel. § 302; *Leonard* v. *Green,* 30 Minn. 496.

Appellees invoke the elementary rule of law that gifts from the wife to the husband are to be scrutinized with great jealousy. Citation of authority is unnecessary to sustain this salutary rule. But, after all, the demand for such scrutiny is to ascertain, and not to defeat when ascertained, the real intention of the parties, where the transaction is free from fraud. Notwithstanding that relation, the court will, after having ascertained the intent of the parties to the transaction and found that there has been no fraud or imposition, uphold rather than frustrate their acts.

Transactions between husband and wife, when fairly entered into, are as binding upon the courts as between other parties. This testimony of Hannaford stands uncontradicted, either by positive testimony of witnesses or by circumstances. In fact, all the circumstances, so far as they throw any light upon the transaction, strongly corroborate him. He and his wife had, at the time of this transaction, been married about twenty-six years, and were childless. It is not disputed that they were devotedly attached to each other by the strongest ties of affection. Mrs. Hannaford had, for some cause not satisfactorily explained, became estranged from her nearest relatives, and expressed to other persons her wish that they should not have any of her property at her death, but that her husband should have it. It is not unnatural for her to have entertained such feelings, and certainly that was not such disposition of her property as a court of equity, after having found that she intelligently and freely consummated it, will frustrate.

Learned counsel for appellees argue with much force that Hannaford either induced or permitted his wife to do an improvident thing by conveying the title to his creditor at a time when he was in embarrassed financial condition, and that for that reason it is improbable that she intended an absolute conveyance. Conceding this to be true, the improvidence of the act was in conveying it to one of his creditors, and it affords no evidence that she was unwilling for him to have the title. The evidence shows that she had, years before, mortgaged the property to secure his debts, thereby demonstrating her willingness to make it liable for his debts.

Upon the whole, we think the evidence fully warrants the conclusion that, as claimed by Hannaford, the property was conveyed by Mrs. Hannaford to the Allen-West Commission Company with a knowledge that that grantee would immediately reconvey the same to her husband; and that she joined in the conveyance for the purpose of vesting the title in him.

This being true, the decree of the chancellor must be reversed and remanded, with directions to dismiss the complaint for want of equity, and to enter a decree upon the cross-complaint for the amount claimed by appellant, Allen-West Commission Company, against J. T. Hannaford. It is so ordered.