MᶜGRAW v. BERRY.

Opinion delivered March 13, 1922.

1. ESTATE BY ENTIRETIES—WIFE'S PROPERTY—PARTITION.—An estate by entireties is not created by a conveyance to husband and wife, for purposes of partition, of an interest in real estate which had descended to the wife by inheritance.

2. PARTITION—EFFECT OF DEED.—A deed in partition operates upon the possession, converting common possession into possession in severalty, but it does not invest each tenant with a new or different title.

3. JUDGMENT—CONCLUSIVENESS.—Where plaintiff claimed certain land as heir of his mother it can not be maintained that the land belonged to his grandmother, instead of his mother, where the contrary had been adjudged in a suit to which plaintiff's mother and grandmother were parties.

4. ADVERSE POSSESSION—POSSESSION OF GRANTEE OF LIFE TENANT.— During the life of a tenant by the curtesy, neither his possession nor that of his grantee is adverse to the reversioners.

5. APPEAL AND ERROR—TRANSCRIBED NOTES OF STENOGRAPHER AS PART OF RECORD.—In order for the transcribed notes of a stenographer to become part of the record in a chancery case, under Crawford & Moses' Dig., § 1269, it is not sufficient for the court at the end of the trial to order the stenographer to transcribe and file his shorthand notes; such order must be made at the beginning of the trial.

6. APPEAL AND ERROR—TRANSCRIBED NOTES OF STENOGRAPHER.—Before the transcribed notes of a stenographer can become part of the record, under order of the court and without the consent of the parties, they must be transcribed and filed in court during term time.

7. APPEAL AND ERROR—TRANSCRIBED NOTES OF STENOGRAPHER.—The fact that by the court's order a stenographer's fee was, by consent of the parties, taxed as part of the costs did not amount to a consent by the parties that the stenographer might transcribe his notes and file same as part of the record after adjournment of the court.

Appeal from Franklin Chancery Court; *C. A. Starbird,* Special Chancellor; affirmed.

*J. J. Montgomery, Partain & Carter, Hayes & Ward* and *A. A. McDonald,* for appellants.

1. The deed from the other heirs of William Russell to Martha J. Roberts, also one of his heirs, vested in her the fee title, and her deed together with the three of her children conveying to Allen H. Berry and Russella Berry, his wife, a one-fourth undivided interest in the land, created in them an estate by the entirety. The proceedings had in partition, and the deeds growing out of the

same, were had and done at the instance of Russella Berry, and the deeds made to them as husband and wife, conveyed to them an estate by the entireties, which at her death went to Allen H. Berry and gave him fee simple title to the whole, which he could, and did, dispose of at will.  124 Ark. 390; 29 *Id.* 202; 66 *Id.* 305; 63 *Id.* 289; 47 *Id.* 111; 61 *Id.* 388; 27 *Id.* 166; 87 *Id.* 369; 61 *Id.* 388.

2.  If appellants are to recover. it must be upon some other grounds than that of mistake, inadvertence, or to secure Allen H. Berry in his right of curtesy.  As to the last, if he had a right of curtesy, the law gave that to him.  There is no proof of inadvertence or mistake. 96 Ark. 589, 593; 125 *Id.* 441, 448; 89 *Id.* 182; 132 *Id.* 227. The controlling feature of the case is that the deed was made with the knowledge and consent of Russella Berry and was acquiesced in by her for many years without complaint on her part, and evidence of statements by Allen H. Berry, while in possession of the land, in apparent conflict with the deed, was inadmissible.  96 Ark. 171; *Id.* 589; 90 *Id.* 149; 87 *Id.* 496; 77 *Id.* 309; 128 S. W.; 11 Ark. 249.  She having deliberately chosen to have the deed made to herself and husband, it amounted to a gift to her husband.  101 Ark. 459; 96 *Id.* 589; 11 *Id.* 249; 83 *Id.* 131; 71 *Id.* 617; 75 *Id.* 75; 81 *Id.* 420.

3.  Surely the plaintiffs' own laches ought to bar this claim.  "The law wisely holds that there shall come a time when even the wrongful possessor shall have peace, and that it is better that ancient wrongs should go unredressed than that ancient strife should be renewed." 83 Ark. 132; 103 *Id.* 60; 137 U. S. 556; 195 *Id.* 309; 95 Ark. 178; 75 *Id.* 312; 72 *Id.* 451; 73 *Id.* 130; 83 *Id.* 131; 103 *Id.* 60.

4.  Appellants are innocent purchasers for value without notice of appellees claim.  95 Ark. 582, 586. 2 Pomeroy, Equity, 3d Ed. § 745; 84 Ark. 10; 29 *Id.* 563; 115 Ia. 360; 94 Ala. 576; 75 *Id.* 400; 17 Am. St. 281, note; 2 Pom. Eq. 3d. Ed., § 759, note.

On the question of estoppel, if appellants as privies in estate to Allen H. Berry are estopped to deny that the title to the land vested in Russella Berry by purchase, or from her mother, and not by descent from her father, it must also be true that appellee is estopped to deny that the decree and deed of the commissioner vested a fee simple title in his father and mother as tenants by the entireties. 225 U. S. 11, 56 Law, Ed. 1009. Privies in estate, vendor and vendee; see 15 R. C. L. 503; 33 Miss. 653, 69 Am. Dec. 375; 4 Wheat. 213, 4th Law Ed. 5533.

5. A judgment in partition, especially where all join and hold, or claim to hold, under the same title, has no effect but to divide the land, and does not affect the title unless it has been put in issue by the pleadings. 63 Am. St. 292. See also 15 R. C. L. § 435; *Id.* § 486, notes 2 and 8; 104 Wis. 349; 76 Am. St. 881; 31 *Id.* 105; 89 Me. 103.

*Willard Pendergrass* and *Evans & Evans,* for appellee.

1. The decree makes it plain that there was oral testimony and documentary evidence on which the decree in large measure was based, which does not appear in the transcript. The decree ought therefore to be affiirmed, unless there is error appearing on the face of the record. 83 Ark. 424 and cases cited; 114 Ark. 167. It cannot be maintained that the oral testimony was taken pursuant to statute, C. & M. Dig. § 1269. There was no order that the oral testimony be taken down by the stenographer, nor any stenographer designated for that purpose. 136 Ark. 376; 144 *Id.* 436.

2. The effect of deeds antedating the decree of May 20, 1880, and the kind of estate conveyed, is not material to the decision of this case. All the parties to the suit instituted April 10, 1880, and all their privies are conclusively bound and estopped by that decree from maintaining that Jeremiah H. Roberts did not die seized and possessed of the lands in survey No. 2348, and estopped from denying that Martin J. Roberts had only dower for

life in one-third thereof and that their children inherited the fee in said lands, subject to her dower rights. 20 Ark. 85; 43 *Id.* 439; 97 *Id.* 456. The court in that decree held that Allen H. Berry acquired no title to any portion of the land by any of the deeds or proceedings, and that he held only an estate by the curtesy. In that holding the court was correct. 20 R. C. L. 780 § 53, title, Partition. "The legal effect of a partition deed from the other tenants in common to their co-tenant and his or her spouse is not to create an estate by the entirety, but merely to designate the share of the tenant, so that it may thereafter be held in severalty, and this rule applies even if the spouse is included as a grantee by directions of the co-tenant" 159 Mo. 14, 59 S. W. 961, 81 A. S. R. 339; 108 N. C. 215, 12 S. E: 993, 23 A. S. R. 57, 11 L. R. A. 722; 149 N. C. 223, 63 S. E. 910, 25 L. R. A. (N. S.) 167 and note; 108 Tenn. 191, 65 S. W. 397, 91 A. S. R. 748, 57 L. R. A. 337. See also 98 Ark. 100; 66 *Id.* 155; 183 S. W. (Mo.) 562; 18 Am. Dec. 383; 217 S. W. (Mo.) 520; 77 S. E. 1000; 48 S. E. 571; 30 S E. 974. ·

3. The doctrine of laches cannot apply, because appellee had no right to bring suit for possession of the lands until the death of his father, and adverse possession could not occur during the continuance of the life estate. 98 Ark. 30; 148 Ark. 216.

Humphreys, J. Appellee instituted suit on the 9th day of October, 1919, in the chancery court of Franklin County, Ozark district thereof, against appellants to recover certain lands in survey No. 2348, in said county, and for an accounting of rents and profits and the value of coal removed from said lands. He alleged that he became the owner of said lands by inheritance, as the sole heir, from his mother, who died intestate, subject to the curtesy of his father, Allen H. Berry, therein; that his father died in January, 1919; that appellants claimed the lands from his father through mesne conveyances, beginning with a conveyance by R. J. Butts to Henry Russell.

Appellants filed an answer, denying appellee's owner-
ship of the lands by inheritance from his mother, alleg-
ing that his father and mother owned said lands in en-
tirety, and that upon his mother's death the entire fee
vested by succession in his father, through whom appel-
lants claim title under mesne conveyances. Appellants
also interposed the defenses of limitations and laches.

The cause was submitted upon the pleadings and evi-
dence, which resulted in a finding and decree in favor
of appellee, from which is this appeal.

The findings of fact upon which the decree is based
appear as recitals therein. The questions, therefore,
presented on this appeal are determinable on the face
of the record.

The court found that Jeremiah H. Roberts owned
the lands in fee simple in survey 2348, and at his death
his four children, one of them being Russella Berry, the
mother of appellee, inherited same, subject to the dower
interest of Martha J. Roberts, the surviving wife of the
said Jeremiah H. Roberts; that subsequently the lands
were partitioned, and that portion inherited by Russella
Berry was conveyed, with her consent, by a commissioner
appointed for the purpose, to herself and her husband,
Allen H. Berry, who was the father of appellee; that
after the death of Russella Berry the lands so conveyed
to her and her husband were conveyed by Allen H. Berry
to Butts & Russell, who are grantors in the chain of ap-
pellants' title. It is insisted by appellants that the con-
veyance to Russella Berry and her husband, Allen H.
Berry, vested an estate by the entirety in them, and that,
upon the death of Russella Berry, Allen H. Berry suc-
ceeded to the fee, and that through mesne conveyances,
originating with him, appellants are the owners of the
lands. This must depend upon the legal effect of a deed
in partition which includes the husband or wife of a
co-tenant as a grantee at the co-tenant's instance. Ac-
cording to the weight of authority, the rule is that such
a conveyance does not create an estate by the entirety,

its only effect being to designate or separate the share of the tenant. A deed in partition operates upon the possession of an estate, converting the common possession of each in the whole into a possession in severalty, and does not operate upon the title by investing each tenant with a new or different title from what the tenant had before. *Whitset* v. *Wamack,* 159 Mo. 14, 81 A. S. R. 339; *Harrison* v. *Ray,* 108 N. C. 215, 11 L. R. A. 722; *Sprinkle* v. *Spainhour,* 149 N. C. 223, 25 L. R. A. (N. S.) 167; *Cottrell* v. *Griffiths,* 108 Tenn. 191, 91 A. S. R. 748.

Again, appellants contend that if Allen H. Berry did not acquire an estate by entirety with his wife under the partition deed, he did acquire such estate under a deed from Martha J. Roberts and others, which was recorded on April 20, 1880. According to the face of the record, this deed was made during the pendency of a suit in the Franklin Chancery Court brought by Russella Berry, the mother of appellee, against Martha J. Roberts and others, to establish title to an undivided one-fourth interest in said real estate as an heir and child of Jeremiah H. Roberts, subject to the dower interest therein of Martha J. Roberts, the surviving wife of Jeremiah H. Roberts. A decree was rendered in that case on May 20, 1880, in which it was determined that Jeremiah H. Roberts died intestate, seized and possessed of said lands, leaving him surviving Martha J. Roberts, his widow, and four children, including Russella Berry, the mother of appellee, his sole and only heirs, who took said real estate by inheritance. The decree in partition above referred to was rendered at the November term, 1880, of the same court. In that decree it was ascertained and adjudged that the four children of Jeremiah H. Roberts, one of whom was appellee's mother, owned the real estate in fee, subject to the dower interest of the said Martha J. Roberts. The insistence of appellants is that, under proper construction of certain deeds, the said Martha J. Roberts acquired the title in fee to said lands partly by inheritance from her uncle, William Russell,

and partly by purchases from other nieces and nephews of the said William Russell. It is unnecessary to construe the deeds referred to, for they antedate the decree of May 20, 1880, and must necessarily have been construed and given effect in that decree. It was adjudicated in that decree that Martha J. Roberts owned a dower interest only in the real estate. She and the other parties to the suit and all their privies were bound by the adjudication. Appellants are the privies in estate of the parties to that suit and cannot again put in issue matters which were determined therein. One of the issues determined in that case was the interest owned by appellee's mother in the real estate in question, as well as the interest owned by Martha J. Roberts.

The defenses of limitation and laches interposed by appellants have no application in this case, because, according to the face of the record, appellee's father, Allen H. Berry, acquired an interest by curtesy in the lands upon the death of Russella Berry, his wife, and did not himself die until February, 1919. This suit was instituted in October, 1919, only a short time after appellee's father died.

Appellee insists upon an affirmance of the decree because the oral and documentary testimony taken in open court was not preserved and incorporated in the record in the manner provided by law. Having determined the questions presented on this appeal upon the findings of fact incorporated in the decree itself, it is unnecessary to decide whether the oral and documentary testimony was properly brought into the record, but, as the question is in the case and involves a matter of practice, we will decide it. It appears from the decree that oral and documentary testimony was introduced in the trial of the cause. No attempt was made to bring the testimony into the record by bill of exceptions. Neither was it reduced to writing and embraced in the decree. The method adopted was to insert an order in the body of the decree, ordering the stenographer to

transcribe the evidence and file the same as a part of the record within one hundred and twenty days. In concluding the decree the court made the following order: "The taking of the testimony by the stenographer at the trial, by consent of the parties, is taxed as a part of the expense and costs of the suit." It does not appear that the court made any order at the beginning of the trial for the court stenographer, or one specially designated by him for the purpose, to take down the evidence in shorthand. What purports to be a copy of the oral and documentary testimony appears in the transcript, without identification other than the certificate of the clerk in the usual form at the end of the transcript, save an unattached certificate of Walter Myers, public court stenographer, certifying to this record in response to a writ of certiorari issued after the transcript had been lodged here and briefs in the case had been filed. In the case of *Fletcher* v. *Simpson,* 144 Ark. 436, this court said, with reference to making up records in chancery proceedings under the practice acts, that "a case in equity is heard *de novo* by the appellate court on the record made below. Under our practice, oral evidence introduced in chancery cases may be made a part of the record by having it taken down in writing in open court and filed with the papers in the case, by bill of exceptions, or by reducing the testimony to writing and embodying it as a recital in the record of the decree." None of these methods was adopted in the instant case in making up the record. The method adopted was to order the stenographer, at the conclusion of the cause, to transcribe and file the evidence taken down by him in shorthand, within one hundred and twenty days. A majority of the court are of opinion that the practice act of 1915 contemplates that the court shall make an order, before the evidence is taken down, that the court stenographer, or one especially designated by the court for the purpose, shall take down the testimony in shorthand. Any other construction would prevent the parties from objecting to

any particular stenographer, and would permit the court to adopt the stenographic notes of any stenographer present who took down the evidence, and order the record made up from them. The court is also of the opinion that, in order for the transcribed stenographic notes to become a part of the record, under order of the court and without the consent of the parties, they must be transcribed and filed in court during the term at which the case is tried, and not at a time beyond the adjournment of the court. A majority of the court is also of opinion that the concluding order, taxing the stenographer's fee as costs of the suit, by consent of the parties, did not amount to a consent by the parties that the stenographer might transcribe his stenographic notes and file same after adjournment of court as part of the record in the case. The purported oral and documentary testimony has not been brought into the record in accordance with our practice.

No error appearing, the decree is affirmed.