## BOSTLEMAN *v.* HENKLE.

## Opinion delivered March 27, 1922.

1. GIFTS—ENFORCEMENT OF PAROL GIFT OF LAND.—Equity will not enforce a parol gift of land unless it is followed by possession and valuable improvements made by the donee.

2. FRAUDS, STATUTE OF—PART PERFORMANCE.—Where a son, for valuable consideration, verbally transferred land to his mother, and, though they continued to reside thereon, he surrendered dominion of the property to her, and she afterwards paid taxes and otherwise exercised ownership over it, this constituted sufficient part performance to obviate the statute of frauds.

3. INFANTS—APPOINTMENT OF GUARDIAN AD LITEM—JUDGMENT.— A judgment against infant defendants will not be reversed because the clerk appointed a guardian *ad litem* for them before service was had on them, where it appeared that the guardian filed a sufficient answer after service on the infants; the purpose of the appointment being to have a real defense made for the infants.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

*E. M. Carl Lee* and *W. J. Dungan,* for appellants.

1. The decree should be reversed as to the interests of the minors, Howard and Marvin Vaughan, because they have had no defense as required by statute. A guardian *ad litem* appointed before the service of summons on the minors acquires no authority to defend for such minors. C. & M. Digest, § 1114; 40 Ark. 56.

2. The facts in evidence do not made out a parol gift from Emil Henkel to his mother. A gift of real estate to take effect in the future will not be enforced. 82 Ark. 33.

Before a parol gift of land will be enforced possession must be taken by the donee in pursuance of the gift. 53 Am. Dec. 538. Not only so, but the donee must make permanent and valuable improvements. 82 Ark. 33; 25 R. C. L. 279, § 81; 20 Cyc. 1201; 32 Ark. 97; 30 Am. Dec. 269.

*R. M. Hutchins* and *Coleman, Robinson & House,* for appellee.

1. The minor heirs have not suffered for want of a defense. No judgment was rendered until after a vigorous and jealous defense by their guardian, and after service of summons upon them. The court specifically found that they had been served with summons and defended as required by law. That finding is conclusive.

2. The evidence establishes a valid parol gift by Emil Henkel of his interest in the land to his mother. In the absence of fraud, duress or undue influence, a gift *inter vivos,* when perfected, operates as complete transfer of the subject-matter thereof from the donor to the donee. The title thereby acquired by the donee is as good between the parties and those claiming under them as a title acquired by deed or purchase. 20 Cyc. 1216; 85 S. W. (Ark.) 244. The evidence of the parol gifts is sufficient. 20 Cyc. 1222, 1226; 132 S. W. 937; 74 Ark. 484; 96 *Id.* 609; 1 *Id.* 83; 60 *Id.* 169; 105 *Id.* 116.

The burden is on appellants to show that the gift was was not free and voluntary, and intended to be irrevocable. 29 Cyc. 1658-1662. Emil Henkel's debt to his mother was one reason and consideration for the gift. But there was not only the money consideration moving between the parties, but also personal services and a son's gratitude for care and kindness on the part of the mother. 115 Ark. 155; 5 Pomeroy, Equity, 5012, par. 2243; 55 Ark. 587. See also 50 Ark. 345; 10 *Id.* 224. As to what constitutes delivery of possession in cases of parol gifts, see 11 Ark. 266; 20 Cyc. 1199. On the question of improvements, see 56 Tex. 361; 70 *Id.* 18; 6 S. W. 818; 20 Cyc. 1224-1226. We may look to Emil Henkel's conduct as well as to improvements, as to the probability of there having been a gift. 2 C. J. 150.

3. Possession of land by a donee under a parol gift, accompanied by a claim of right, is adverse against the donor, and, if continued without interruption for the statutory period, matures into a good title, protected by

the statute of limitations. 2 C. J. 150; *Id.* 151; 117 Ky. 47; 25 *Id.* 1186; 77 S. W. 397; 158 Ky. 639; 166 S. W. 225; 50 Ark. 345.

4. The mother's warranty deed to appellee was color of title, and notice of such fact to the father was a complete ouster, and at the expiration of seven years a perfect title vested in appellee. 62 Ark. 313; 50 *Id.* 345; 133 *Id.* 599; 96 *Id.* 609; 102 *Id.* 611.

HUMPHREYS, J. This suit was instituted in the Woodruff Chancery Court, Northern District, by appellee, Herman F. Henkle, against appellants, George Bostleman, Gussie Meinah, Eckhardt Bostleman, and Howard and Marvin Vaughan, minors, for the purpose of confirming title in appellee to about 2,532 acres of land in said district and county. Summons was issued upon the petition on the 18th day of May, 1920, and on the same date, and prior to the service upon the minors, Marvin and Howard Vaughan, the clerk of the court appointed August Bostleman guardian *ad litem* to defend for said minors. Return was not made upon the summons until May 29, 1920. On July 6th thereafter August Bostleman, guardian, who had been appointed by the clerk for the Vaughan children, filed an answer denying all the material allegations of the petition. No substantive steps had been taken in the case prior to the time the answer of said guardian was filed. In the petition for confirmation appellee deraigned title to said real estate through mesne conveyances from the State. In deraigning the title it was alleged that appellee acquired an undivided interest in said real estate in 1911 by warranty deed from his mother, Caroline Henkle, who had acquired the title thereto from her son, Emil Henkle, by parol gift. The pleadings, as finally made up, presented two issues, the first being whether Caroline Henkle, the mother of appellee, acquired an undivided one-half interest in said real estate from her son, Emil Henkle, in 1908, or thereabouts, and the second being whether appellee had acquired title to said real estate by seven years' adverse

possession.   The evidence shows that in 1903 appellee, Herman Henkle, and Emil Henkle became the joint owners of the lands in question.   The weight of the evidence shows that Johann Henkle, the father of Herman Henkle, advanced $5,000 to Emil with which to purchase his interest therein.   In 1908 Emil Henkle, a single man, died intestate, leaving surviving him his father, Johann Henkle, his mother, Caroline Henkle, his brother, Herman Henkle, his sister, Mrs. Emelia Schwartz, his sister, Mrs. Emma Crissman, and the heirs of a deceased sister, Augusta Bostleman Vaughan.   Mrs. Caroline Henkle died in the year 1912, and Johann Henkle died in the year 1913. Prior to the death of Mrs. Caroline Henkle, she conveyed an undivided one-half interest in said real estate to appellee.   The evidence is in conflict as to whether she acquired the title to an undivided one-half interest therein from her son, Emil Henkle, in the year 1908.   After a careful analysis of all the evidence we have concluded that the weight thereof shows that Emil Henkle, who was in poor health and indebted to his mother in a large sum, to-wit: $2,000, and perhaps as much as $5,000, made an oral transfer to her of his undivided one-half interest in said property in full payment of said obligation.   They were living together at the time and continued to reside together upon the property thereafter until the death of Emil Henkle, but the weight of the evidence shows that he surrendered dominion over the property to her, and that she afterwards paid the taxes thereon and otherwise exercised ownership over it.   The witnesses, in detailing the transaction, referred to it as a gift.   While the weight of the evidence is sufficient to uphold the transaction as a completed gift for defensive purposes, it is lacking in some necessary essentials to uphold it as a gift for affirmative purposes.   The evidence fails to show that Mrs. Caroline Henkle made any valuable improvements upon the property after acquiring it.   Equity will not enforce a parol gift of land unless followed by possession and valuable improvements made by the donee.   *Young*

v. *Crawford*, 82 Ark. 33. This suit is for the purpose of enforcing the oral transfer of Emil Henkle's undivided interest in said lands to his mother against the heirs of Emil Henkle. Appellee requested affirmative relief against them. While the evidence is insufficient to uphold the transfer as an enforceable gift, we think, as stated above, that it is sufficient to uphold the transaction as a completed oral sale. The forgiveness of the debt existing between the mother and son furnished the consideration, and the surrender of dominion over the property by Emil Henkle to his mother was sufficient part performance to obviate the statute of frauds.

We deem it unnecessary to refer to or discuss the evidence responsive to the issue of whether appellee acquired title to said real estate by adverse possession, as we have reached the conclusion, upon consideration of the evidence in the case, that Mrs. Caroline Henkle acquired title to an undivided one-half interest in said real estate from her son, Emil Henkle. The facts are amply sufficient to uphold the finding of the chancellor upon that theory.

Appellants insist, however, that the case must be reversed as to the minors because the clerk appointed a guardian *ad litem* for them before service was had upon them. The evidence shows that the guardian *ad litem* appointed by the clerk filed an answer denying all the material allegations in appellee's bill after service was had upon them and before any substantive steps had been taken in the progress of the case. The purpose of the appointment of a guardian is to have a real defense made for minors throughout the trial of the case, and the statute requiring the appointment of the guardian to be made after service was met in the acceptance of the answer by the court, tendered and filed by the guardian after service had been had upon the minors. Courts of equity look to substance, not to form. The minors in the instant case had their day in court. The defense made for them was real at every material step in the progress of the trial.

No error appearing, the decree.is affirmed.