McConnell v. McCord.

Opinion delivered March 29, 1926.

1. JUDGMENT—WHEN EFFECTIVE.—Where a chancery cause was heard before the chancellor on May 11, 1925, but the decree was not filed with the clerk until November 14, 1925, the decree did not become effective until the latter date, at which also the time for appeal began to run.

2. EXCEPTIONS, BILL OF — CERTIFICATE OF BYSTANDERS.—A bill of exceptions certified by bystanders is not valid, in the absence of a showing in the record that the chancellor refused to certify it.

3. EXCEPTIONS, BILL OF—WHO ARE BYSTANDERS.—Witnesses in a case are not "bystanders," within the meaning of the statute authorizing bystanders to sign a bill of exceptions.

4. EXCEPTIONS, BILL OF—BYSTANDERS' BILL.—Where a bystanders' bill of exceptions was filed with the clerk before the decree was filed, but it does not appear that it was ever presented to the chancellor or that he took cognizance of it as a part of the record, it will not be considered on appeal.

5. APPEAL AND ERROR—DISMISSAL OF APPEAL.—Though a motion to strike out the bill of exceptions in a case is sustained, if the appeal was perfected in time, a motion to dismiss the appeal will be denied, as the judgment itself may disclose error.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland*, Chancellor; motion to strike bill of exceptions granted.

*R. A. Rowe*, for appellant.

*Evans & Evans* and *George W. Johnson*, for appellee.

McCulloch, C. J., (on motion to strike out bill of exceptions and to dismiss the appeal). This is an action instituted by appellant against appellees in the chancery court of Sebastian County (Greenwood District), and it was tried before the chancellor in vacation by consent of parties on May 11, 1925, pursuant to statute which authorizes vacation decrees. C. & M. Dig. § 2190. The decree was signed by the chancellor on October 20, 1925, and filed with the clerk of the chancery court on November 14, 1925. The direction in the decree was that it be entered as of May 11, 1925, the day of the hearing. The decree also contained a recital of an order allowing appellants "120 days from May 11, 1925, within which to pre-

pare and file a bill of exceptions." The case was tried on oral testimony taken at the bar of the court, but there was no order of the court conferring authority to a stenographer to take the testimony and file a transcript thereof as a part of the record. *Berry* v. *McGraw,* 152 Ark. 452.

A purported bill of exceptions signed by two individuals was filed with the clerk of the chancery court on November 9, 1925, and the same has been embraced in the transcript as a part of the record. The appeal to this court was granted and perfected on November 23, 1925.

The decree did not become effective until it was filed with the clerk for entry on the record, and the time for appeal did not begin to run until that date. C. & M. Dig., § 2190; *Red Bud Realty Co.* v. *South,* 145 Ark. 604. The time allowed in the decree for filing a bill of exceptions had expired when the bill of exceptions was filed on November 9, 1925, but the filing on that day was sufficient, for the reason already stated, that the decree did not become final until filed, and that the bill of exceptions was on file as a part of the record when the decree was filed. If the bill of exceptions otherwise complied with the statute, it would be rightly a part of the record.

But the bill of exceptions certified by alleged bystanders is not valid, because there is no showing in the record that the chancellor refused to certify it. *Fordyce* v. *Jackson,* 56 Ark. 594; *Pearson* v. *State,* 119 Ark. 152. Moreover, the individuals who certified the bill of exceptions were not bystanders within the meaning of the statute. C. & M. Dig., § 1322. They were witnesses in the case, and were therefore not unconcerned bystanders, such as is contemplated in the statute. Compare *Boone* v. *Goodlett,* 71 Ark. 577; *Gay Oil Co.* v. *Akins,* 100 Ark. 552; *Tarkington* v. *State,* 154 Ark. 365. A witness in a case, one who has no other connection with it, is not directly interested, but his testimony becomes a part of the record to be reviewed on the appeal, therefore is not a mere bystander. He is a participant in the proceedings. The statute contemplates that the bill of exceptions must

be certified, if not by the trial judge, by two persons wholly out of the proceedings—persons present but unconnected. For these reasons the majority of this court conclude that the bill of exceptions must be stricken out.

It has been suggested however that, inasmuch as the bill of exceptions was on file when the chancellor filed his decree with the clerk, the presumption should be indulged that he approved the bill of exceptions as a part of the record. This is not so, for the bill of exceptions does not comply with the statute, and no presumption can be indulged that it was presented to the chancellor, or that he took cognizance of it as a part of the record. There was nothing to give authenticity to the bill of exceptions thus filed—it was not before the chancellor when he heard the cause tried, and we think there is no ground for a presumption that the chancellor saw the bill when he filed his decree and approved it.

The motion to strike out the bill of exceptions is sustained, but, inasmuch as the appeal was perfected in apt time, and the record may or may not disclose error in the proceedings, the motion to dismiss the appeal is overruled.

HART, J., (dissenting). I dissent on the ground that, under our practice, oral evidence in chancery cases may be a part of the record by having it taken down in writing in open court, and by leave filed with the papers in the case. *Fletcher* v. *Simpson,* 144 Ark. 436. In the case at bar the oral evidence taken before the chancellor was filed on November 9, 1925, but the decree was not entered of record until November 14, 1925. Under the circumstances, I think the filing of the oral evidence taken before the chancellor before the entry of the decree was a substantial compliance with the rule above announced. It was filed when the decree was entered, and the chancellor should have stricken it from the files if he did not intend to allow it to be filed as depositions in the case. In short, by allowing it to be taken down in writing, and filed before the decree was rendered, the chancellor made it a part of the record.