## McCONNELL v. McCORD.

### Opinion delivered November 1, 1926.

1. APPEAL AND ERROR—PRESUMPTION IN ABSENCE OF EVIDENCE.— Where the record on appeal contained no evidence upon which the cause was heard, but merely the pleadings and record entries, it will be presumed that the evidence supports the decree.

2. APPEAL—CERTIORARI TO COMPLETE RECORD.—A petition for certiorari to reinstate a lost record of the testimony in a chancery case which does not allege that the court had made an order authorizing a stenographer to take testimony and file same, nor state when the stenographer's notes were lost, but merely alleged that the stenographer lost his notes, but that he and bystanders remembered the substance of the testimony, did not state grounds for having the record of the proceedings at the trial brought up.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland*, Chancellor; affirmed.

*Robert A. Rowe* and *Holland, Holland & Holland,* for appellant.

*George W. Johnson* and *Evans & Evans,* for appellee.

McCULLOCH, C. J. The case is here on appeal from a decree of the chancery court, which recites that the cause was heard on oral and documentary evidence adduced by the respective parties. There was no attempt to preserve the record under the statutory method, by having the stenographer file a certified transcript of the testimony, and there was no order of court authorizing the stenographer to take the testimony and file the transcript as a part of the record. *McGraw* v. *Berry,* 152 Ark. 452, 238 S. W. 613. Nor was the evidence properly preserved in a bill of exceptions certified and filed in apt time. Appellants filed what purported to be a bill of exceptions, supported by the affidavits of bystanders, but we decided, on motion of appellees, to strike this out of

the record, that the same was not properly certified and filed.  170 Ark. 839, 281 S. W. 384.  Appellants could have adopted either of the methods of preserving the record, but failed to pursue either method in the proper manner.  Therefore we have a record before us which does not properly contain any of the evidence, either documentary or oral, upon which the cause was heard as recited in the decree.  There is nothing now in the record but the pleadings and record entries.  The presumption must therefore be indulged that the decree is supported by the evidence, and there is nothing on the face of the record now before us to indicate error in the proceedings.

Since the transcript was lodged in this court, appellants have brought up on certiorari the transcript of supplemental proceedings instituted by appellants below for the purpose of reinstating what is designated as the lost record containing the testimony in the case.  The original cause was submitted to the court on May 11, 1925, and the decision was rendered and filed on November 14, 1925.  The supplemental complaint now before us on certiorari was filed by appellants on March 6, 1926, and it is alleged in the complaint that, at the trial of the cause, the oral testimony was taken down by a stenographer, that the stenographer "claims that he lost, or somebody stole, the record of the proceedings and the notes of all the proceedings," but that said stenographer "remembers the notes taken in shorthand and can reinstate all the record taken in shorthand," and that there were several witnesses who heard the proceedings in the trial, and that the testimony could be reinstated from memory.  The prayer of the complaint was that "all the testimony taken in the above entitled case by the court stenographer be reinstated, so that it can be in the Supreme Court in the trial of this case."  The court sustained a demurrer to this complaint, and dismissed the complaint, from which decree an appeal was prayed and granted.  The complaint did not, we think, set forth any grounds for relief.  There is no

allegation that the court had made any order authoriz-
ing the stenographer to take down the testimony and file
a transcript thereof, nor is there any allegation as to the
time when the notes of the stenographer were lost.
Hence there was nothing stated in the complaint which,
if proved, would have justified the court in permitting
the record of the proceedings to be made at that time.
If the idea was to obtain relief on the ground of unavoid-
able casualty preventing the preparation of a bill of
exceptions, the facts stated are not sufficient for that pur-
pose, for the allegations of the complaint are that the
stenographer remembered the substance of the testimony
and that bystanders also remembered the testimony of
the witnesses. The failure to perfect the record in apt
time was not due to the stenographer's loss of his notes,
but was due solely to the fact that appellants failed to
obtain a record of the proceedings in apt time by either
of the methods authorized by law.

Decree affirmed.