ROWLAND *v.* MCALESTER FUEL COMPANY.

4-8177                    201 S. W. 2d 742, 202 S. W. 2d 204

Opinion delivered April 28, 1947.

*A. A. Thomasson* and *Wade Kitchens,* for appellant.

*Keith & Clegg* and *McKay, McKay & Anderson,* for appellee.

McHANEY, Justice. This appeal involves the title to one-fourth of the oil and gas royalty in and to 60 acres of land in Columbia county, described as SW NE and S½ SE NW, 15-18-22. The land was owned by James H. Atkinson who died intestate February 5, 1892, and who was the owner of 300 acres of other land in said county, not here involved. He left surviving him five children and three grandchildren, appellee Charlie Menshew being one of such grandchildren. One of his daughters, Mattie M., had married A. B. Rowland and, prior to her father's death, he had either given or planned to give to his said daughter, Mattie M., or to her and her husband, A. B. Rowland, the 60 acres of land here involved, and he put them in the actual possession thereof, but never gave them a deed to said land. Just when they took possession is not shown in the record, or whether they made any improvements or paid the taxes thereon in his lifetime, but they were in possession for some time prior to his death. On November 18, 1893, all the other heirs of James H. Atkinson, except appellee Menshew who has no interest in this litigation, conveyed said 60 acre tract to "A. B. & M. M. Rowland" in consideration of "a deed release all claims in the real estate of J. H. Atkinson, deceased." On the same date said "A. B. Rowland & M. M. Rowland" conveyed to "the remaining heirs of the estate of J. H. Atkinson, Dec.," the other 300 acres of land belonging to said estate. Thus the 60 acre tract was carved out of the whole and conveyed to "A. B. and M. M. Rowland" who conveyed to the other heirs their interest in the 300 acres, and who later or at the same time partitioned it among themselves. The deed to A. B. and M. M. Rowland was not recorded until April 2, 1927, while their deed to the other heirs was not recorded until August 10, 1939.

Appellants C. A., R. A. and J. W. Rowland are the only children of A. B. and Mattie M. or M. M. Rowland.

Their mother died intestate May 17, 1917. They brought this action March 6, 1943, against Charlie Menshew and wife, McAlester Fuel Company, A. B. Rowland and his second wife, and a number of others not concerned in this appeal, including Charlie Menshew. They alleged their ownership of said 60 acre tract by inheritance from their mother, subject to the right of curtesy of their father, A. B. Rowland, and set out the facts above stated, claiming an agreed partition among themselves as a result of said conveyances. They also allege that on July 5, 1939, A. B. Rowland and his present wife executed to appellee, McAlester Fuel Company, a deed conveying a portion of the minerals in said land to it, and that their right to said lands, royalties, rentals and gas payments should be determined, quieted and confirmed against appellees, subject to the admitted life estate of A. B. Rowland and those claiming under him, for which they prayed.

McAlester Fuel Company answered with a general denial of all allegations not admitted, but admitting the conveyance to A. B. and M. M. Rowland of the 60 acre tract in 1893 by the other heirs of James H. Atkinson, the death of M. M. Rowland in 1917, the subsequent second marriage of A. B. Rowland to his present wife, and the conveyance by them to it of an undivided one-fourth royalty interest in said 60 acre tract for a cash consideration of $2,000, after a confirmation decree which quieted the title thereto in A. B. Rowland and his former wife, then dead, and which action was brought and decree secured at the instance of appellant, J. W. Rowland. They plead estoppel as to all appellants and particularly as to J. W. Rowland, who, it was further alleged, negotiated and participated in the sale and conveyance to it by his father and his then wife of said royalty interest, representing to it that the title was good in his father, having previously been confirmed and quieted in him. Laches, limitations and innocent purchaser were also interposed in bar of the action.

Trial resulted in a decree dismissing the complaint for want of equity, the court finding that James H. Atkin-

son made a verbal gift of the 60 acres to his daughter, M. M. Rowland, and her husband, A. B. Rowland, and put them in possession; that the heirs of James W. Rowland, in recognition of such verbal gift, executed to them the deed of November 18, 1893; that such gift and deed created an estate by the entirety; that J. W. Rowland is estopped because of his participation in the action to quiet the title in his father and in securing the decree to this effect, and by assisting in and encouragement of the sale by his father to McAlester; and that all the plaintiffs are barred by laches and limitations, the land having been in the actual possession of A. B. and M. M. Rowland since 1892 under a claim of title and that he paid the taxes thereon all these years under color of title, and that the land has been wild and unimproved for more than seven years. This appeal followed.

For a reversal of this decree, appellants contend that the findings of the trial court to the effect that James H. Atkinson made a verbal gift of the 60 acres to his son-in-law and daughter, A. B. and M. M. Rowland, and put them in possession, and that the deed of the other heirs to them of November 18, 1893, was in recognition and confirmation of such gift, creating an estate by the entirety, are erroneous and without evidence to support them. We do not agree with appellants in this contention. They say that S. W. Atkinson, son and only surviving heir of James H. Atkinson, who testified as a witness for appellants, did not testify there was a verbal gift of this land to A. B. Rowland. While the witness, S. W. Atkinson, was 88 years old at the time of trial, it is not shown that he is not sound mentally. On direct examination he testified that his father ''was aiming to give it to her, that was the understanding,'' referring to the 60 acres and his sister, M. M. Rowland. On cross-examination, he testified that his father gave 60 acres of land to his sister, Mrs. Rowland, put her in possession of it and she was living on it prior to her father's death. In answer to the question, ''He had already given it to her?'' he answered: ''We supposed he was going to give it to her; I don't think he

ever made any deed to her to it." He said he supposed the only reason the deed of the heirs was made to Mrs. Rowland was because his father had given it to her, she asked for it and all the heirs agreed, she was living on it and it did not interfere with the main part of the farm anyway. While this testimony does not in terms state there was a verbal gift of this land to A. B. Rowland, the fact that the witness and all the other heirs joined in a deed conveying the land to A. B. and M. M. Rowland is strong corroboration of the fact that M. M. Rowland wanted it that way and that the ancestor intended for both of them to have the 60 acres, and the witness was certain that the heirs were carrying out the intention of their father. There is no other explanation of the insertion of the name of A. B. Rowland in the deed, except appellants say in their complaint that "without any reason or explanation therefor, the name of A. B. Rowland, the then husband of Mattie M. Rowland, appeared in the deed as a grantee." A. B. Rowland was present at the trial, but did not testify. Perhaps he could have explained it, but he did not. Nevertheless he was a grantee in this deed and his title as surviving tenant by the entirety cannot be taken away on the assertion that there is no reason or explanation therefor. We think the court, under the circumstances, had the right to presume that parties to the instrument, particularly M. M. Rowland, wanted it in the deed. Had the deed been made to her alone and she had conveyed to a third person who conveyed to her and her husband jointly, there could be no question that they held by the entirety. Instead she, no doubt, had the deed made to them both, which constituted a voluntary settlement. *Hannaford* v. *Dowdle,* 75 Ark. 127, 86 S. W. 818; *Evans* v. *Wells,* 138 Ark. 454, 212 S. W. 328.

We do not overlook the case cited by appellants, *McGraw* v. *Berry,* 152 Ark. 452, 238 S. W. 618, which holds, to quote headnote 1, "An estate by entireties is not created by a conveyance to husband and wife, for purposes of partition, of an interest in real estate which had

descended to the wife by inheritance." But that decision was based on a commissioner's deed in an ordinary partition suit. Perhaps the same rule would apply in a voluntary partition, which is defined by Bouvier's Law Dictionary as that "made by the owners by mutual consent. It is effected by mutual conveyances or releases to each person of the share which he is to hold, executed by the other owners." Here, there was no partition in the ordinary sense of that term. All the other heirs conveyed to A. B. and M. M. Rowland and they in turn conveyed their interest in the balance of the estate to all the other heirs. The fact that the other heirs thereafter executed deeds to each other among themselves, we think, does not bring this case within the rule stated in *McGraw* v. *Berry, supra.* This case is further distinguished therefrom by the fact that the ancestor made a parole gift of the land to his daughter in his lifetime. The division of land here made was not a partition thereof within the rule of the *McGraw* v. *Berry* case.

Other questions are discussed in the briefs of the parties, including that of estoppel. We agree that appellant J. W. Rowland estopped himself to maintain this action, but since we hold that A. B. Rowland was the surviving tenant of an estate by the entirety in said 60 acres, and that his deed to McAlester Fuel Company to a royalty interest therein conveyed the title, it becomes unnecessary to discuss this or other questions.

Affirmed.

Ed. F. McFaddin, J. (dissenting). My study of this case leads me to these conclusions:

(1) J. W. Rowland has lost his interest by reason of estoppel, so, as to him, I agree that the case should be affirmed.

(2) C. A. Rowland and R. A. Rowland should recover, since there was no parol gift of the lands to A. B. Rowland and M. M. Rowland; and an estate by entirety never came into existence. This second conclusion is the

reason for my dissent; and I now discuss this second conclusion:

Some of our cases concerning a parol gift of land are: *Young* v. *Crawford,* 82 Ark. 33, 100 S. W. 87; *Bostleman* v. *Henkle,* 152 Ark. 628, 239 S. W. 30; *Akins* v. *Heiden,* 177 Ark. 392, 7 S. W. 2d 15; and *Coop* v. *Johnson,* 190 Ark. 550, 80 S. W. 2d 70. Other cases are collected in West's Arkansas Digest, "Gifts," § 25. In *Young* v. *Crawford, supra,* Mr. Justice WOOD quoted from Pomeroy as follows: " 'A parol gift of land' says Professor Pomeroy 'will not be enforced unless followed by possession and by valuable improvements made by the donee, or unless there are some special facts which would render the failure to complete the donation peculiarly inequitable and unjust.' "

It will be observed that, before a parol gift will be enforced, there must be shown either (a) possession and valuable improvements; or (b) facts which render the failure of the donation *peculiarly* inequitable and unjust. Let us examine the evidence in this case by these two tests.

As regards (a)—possession and valuable improvements—there is not the slightest scintilla of evidence that A. B. Rowland ever made any improvements on the land; so, A. B. Rowland is in no position to enforce a parol gift against C. A. Rowland and R. A. Rowland, who are the heirs of their mother.

As regards (b)—failure peculiarly inequitable and unjust—there is no evidence that A. B. Rowland and M. M. Rowland ever claimed to own the land as a gift from J. H. Atkinson. In fact, the evidence shows rather clearly that they did not so claim. I refer to the recitals in the deed that A. B. Rowland and wife made to the other heirs of J. H. Atkinson on November 18, 1893, when the heirs of J. H. Atkinson (of whom M. M. Rowland was one) divided the estate of J. H. Atkinson. This deed from A. B. Rowland and M. M. Rowland (as first parties) to the other heirs of J. H. Atkinson (as second parties) recites (as consideration): "Witnesseth that

the said parties of the first part, for, and in consideration of the sum of sixty acres of land as their part of said estate by said parties of the second part, . . ."

It will thus be observed that A. B. Rowland and M. M. Rowland were taking the sixty acres of land here involved as M. M. Rowland's part of the estate of J. H. Atkinson. This recital in the deed clinches the argument that there was no parol gift by J. H. Atkinson to A. B. Rowland and M. M. Rowland.

Due to this recital, and to the absence of the essential elements of a parol gift, I think the case at bar falls squarely within the rule announced by this court in *McGraw* v. *Berry,* 152 Ark. 452, 238 S. W. 618. The application of that case to the case at bar would result in C. A. Rowland and R. A. Rowland each owning an undivided one-third interest in the land and mineral rights subject to the life estate of their father, A. B. Rowland.

Because of the views herein expressed, I respectfully dissent from the majority.