JIM PROTHRO ET AL *v.* MARIAN PAULINE HOLDER, EX'X

5-5808                                             479 S.W. 2d 248

Opinion delivered March 20, 1972

[As amended on Denial of Rehearing May 8, 1972.]

*G. E. Snuggs,* for appellant.

*Graves & Graves,* for appellee.

LYLE BROWN, Justice. The question in this case is whether 120 acres of land which was originally a part of the estate of William H. Prothro belongs to his heirs, or whether it is a part of the estate of Florence Hatley Prothro. The judge of the probate court held with the executrix of the Florence Hatley Prothro estate and the heirs of William H. Prothro appeal.

The chancellor found the following facts from the testimony and exhibits. William H. Prothro died intestate in 1922, survived by his widow and twelve heirs. His widow died in 1927. In 1928 there was a family settlement among the twelve heirs. The land was divided into twelve tracts and each tract was appraised, apparently so that each heir could buy a tract of land and make a cash adjustment if any tract exceeded the appraised value. Each of the twelve heirs had an interest valued at $1,687.21. Four of the heirs did not want any land so they were each paid $1,687.21 out of the adjustment monies paid in by the other heirs. On the basis of the platted division a deed was prepared and signed by all twelve heirs. The grantees to the tract designated as the 120 acres homesite were listed as Ben S. Prothro and Florence Hatley Prothro, his wife. Those grantees paid into the adjustment fund $4,123.79 by check signed by both parties drawn on their joint account. That sum represented the difference between the appraised value of the 120 acres and the valued interest in the William H. Prothro estate held by Ben (the valued interest being $1,687.21.) Ben S. Prothro died in 1960. His widow remained in possession of the 120 acres, she being considered the owner thereof by virtue of the grant to her and her late husband.

The widow of Ben S. Prothro died testate in 1970. The designated executrix, appellee Marian Pauline Holder, who incidentally was the beneficiary of the bulk of the estate, listed the 120 acres in the inventory of the estate of Florence Hatley Prothro. The bodily heirs of William H. Prothro filed an objection to the listing of the 120 acres, they contending that the title was in the ancestral heirs of William H. Prothro.

Appellants contend that there was a partition of the William H. Prothro lands and therefore an estate by the entirety could not legally have been created by a part-ition deed. They cite such cases as *McGraw* v. *Berry,* 152 Ark. 452, 238 S.W. 618 (1922), and *Weir* v. *Brigham,* 218 Ark. 354, 236 S. W. 2d 435 (1951). Ap-pellants misconceive the nature of the transaction; it was not a partition but a purchase. The acreage was divided into tracts and a value was placed on each tract. Each heir was privileged to buy in whatever tract he desired. Ben Prothro selected the 120 acre tract and paid therefore over $4,000. The tract on the plat was marked "sold to Ben Prothro and wife." He was free to have his deed of purchase made to his wife and himself.

## AMENDMENT TO OPINION

We held as late as *Brown* v. *Smith,* 240 Ark. 1042, 405 S.W. 2d 249 (1966), that a partition deed does not create any new title. That holding was based upon *Johnson* v. *Ford,* 233 Ark. 504, 345 S.W. 2d 604 (1961), and *Hutchison* v. *Sheppard,* 225 Ark. 14, 279 S.W. 2d 33 (1955). In *Johnson* there were factors not present here. Its holding is applicable only where there is a *mere partition* of land among *cotenants* by the exchange of partition deeds *without any consideration other than the mutual agreement to divide their interests.* Even under appellants' theory much more was involved than a mere partition of lands. Accept-ing their theory, the distribution of an estate was involved, and those who were to receive more land than would con-stitute an equal share in the real estate were required to pay a differential to the agent (sometimes called "treas-urer" but not the administrator) of the estate (actually of the Prothro heirs). Whether there was a distribution of the estate or not, there was not any exchange of partition deeds. For example, no property was deeded to Henry B. Prothro, Allie Prothro Brown, or John E. Prothro. But even if it could be said that there was an exchange of deeds, there was a consideration other than the mutual agreement to divide their interests in the real estate. Ben S. Prothro and Florence Hatley Prothro paid $4,123.79 to the agent of the heirs by a check signed by both and drawn on a joint bank account from which withdrawals could not be made without both signing. Doubtless this was the "other" consideration mentioned in the deed,

which, incidentally, does not mention the division as a consideration at all. In a designation of tracts prior to the making of the deeds, the twelve proposed tracts were of unequal value. The name of·Henry Prothro appeared opposite Tract 3, valued at $1,462, along with the notation "sold to Ben and wife," Tract No. 4 of the value of $1,271, with a house valued at $1,167, appeared opposite Ben Prothro's name, followed by the parenthetical notation "assigned to Ben." "Ben and wife" appeared opposite Tract No. 11 valued at $1,911. Another exhibit provides that the middle three forties, 120 acres, go to Ben S. Prothro and wife. The finding of the probate judge was that Ben Prothro and wife paid $4,123.79 for the 120 acres of land. This finding is not against the preponderance of the evidence. The payment made by Ben Prothro and wife is not the same as owelty paid in a partition of real estate only since owelty merely equalizes values among cotenants.

A deed in partition operates upon the possession of an estate only, converting the common possession of each cotenant in the whole to a possession in severalty. *McGraw* v. *Berry,* 152 Ark. 452, 238 S.W. 618 (1922). A voluntary partition is effected by mutual conveyances or releases to *each* person of the share he is to hold, executed by the other owners. *Rowland* v. *McAlester Fuel Company,* 211 Ark. 599, 201 S.W. 2d 742, 202 S.W. 2d 204 (1947). It cannot be seriously argued that the deed involved here under which nothing was transferred to some heirs did not convey title, but possession only.

Appellant relies upon *McGraw* v. *Berry, supra,* as authority for the proposition that a partition deed cannot create a new estate by the entirety. But the application of that holding has previously been limited to the ordinary partition, either by suit or deed, in *Rowland* v. *McAlester Fuel Company, supra.* As above pointed out, this was not the case here. The most that Ben Prothro could have been said to own in the lands conveyed by the deed here was an undivided one-twelfth. When he directed that the deed be made to him and his wife, it should be presumed that the parties, particularly Ben Prothro, wanted it that way, and Ben Prothro's widow and her heirs should not now be deprived of the estate by the entirety clearly intended

to be created by the conveyance. See *Rowland* v. *McAlester Fuel Company, supra.*

The decree is affirmed.